1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY and BARBARA NEIGHBORS; ARUL MENEZES and LUCRETIA VANDERWENDE; LAKE SAMMAMISH 4257 LLC; HERBERT and ELYNNE MOORE; TED and ELAINE DAVIS; REID and TERESA BROWN; SHAWN and TRINA HUARTE; ANNETTE MCNABB; EUGENE and ELIZABETH MOREL; VOLKER ELSTE and GAIL UREEL,<br><br>                    Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a home rule charter county, and THE CITY OF SAMMAMISH, an Incorporated Municipality<br><br>                    Defendants. | Case No.: 2:15-cv-00970<br><br>MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR: 06/17/2015 |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        COME NOW Plaintiffs Tracy and Barbara Neighbors, Arul Menezes and Lucretia

Vanderwende, Lake Sammamish 4257 LLC, Herbert and Elynne Moore, Ted and Elaine

Davis, Reid and Teresa Brown, Shawn and Trina Huarte, Annette McNabb, Eugene and

Elizabeth Morel, and Volker Elste and Gail Ureel, pursuant to Federal Rule of Civil

Procedure 65, and respectfully request that this Court issue a Temporary Restraining Order

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 1

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

and Preliminary Injunction against Defendants King County and the City of Sammamish, and in support thereof allege as follows:

## I.   **<u>INTRODUCTION</u>**

This matter concerns the land within and adjoining a 12.45 mile length of abandoned railroad right-of-way in King County, Washington between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, along Lake Sammamish.  All of the above-named Plaintiffs currently own property adjoining the former railroad right-of-way, which has been converted into a nature and hiking trail by King County.  Some of the Plaintiffs have owned their property for over 30 years.[1]  The Plaintiffs' request for a Temporary Restraining Order and Preliminary Injunction is premised upon King County's plans to illegally widen its existing surface easement for recreational trail use onto property owned by the Plaintiffs.

Defendant King County, pursuant to the National Trails System Act Amendments of 1983, Pub. L. No. 98-11, § 209 97 Stat. 42, codified at 16 U.S.C. § 1247(d) (2006) (the "Trails Act"), currently possesses a surface easement for recreational trail use across the former railroad right-of-way.  King County gained its interest in the right-of-way from Burlington Northern Santa Fe ("BNSF") on or about September 29, 1998, and the trail was opened in 2006.  Since that time, no railway carriers have used the railroad, the tracks have been removed from the right-of-way, and the land has been used as a recreational trail.  Furthermore, since King County established the trail, Plaintiffs have lived in relative harmony with King County and local trail users.

---

[1]  Eugene and Elizabeth Morel's property has been in the Morel family for over 70 years.

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 2

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Now, despite the fact that Plaintiffs, King County, and local trail users have coexisted with one another for nearly 10 years, King County is preparing to execute construction alongside and within the former railroad corridor that will cause irreparable harm to Plaintiffs' property outside the boundaries of the current trail.  Such harm includes, among other things, destruction of parking areas, removal of landscaping, loss of privacy, loss of mature trees, and loss of access that has been in place for many years.  What is particularly alarming is that King County's planned activities far exceed the boundaries of what it actually possesses.  Indeed, as is made clear by the plans King County has submitted for public review, in several areas along the trail King County asserts that it has a right to control an expanse that goes as least 10 feet beyond the boundaries it can be said to legally have control over, and in many other areas well beyond that width.

Plaintiffs' Complaint, filed concurrently with this Motion, seeks judgment against King County declaring that the recreational trail easement was originally acquired by the railroad as a prescriptive easement, and thereby pursuant to Washington law is limited to a width that is necessary for railroad purposes.  Plaintiffs' Complaint further includes a request that King County and the City of Sammamish be enjoined from engaging in any activities to widen the trail, lest these government entities choose to institute condemnation proceedings and pay just compensation to the Plaintiffs for a taking of their property.

Because King County's imminent construction has been endorsed and is about to be approved by Defendant, the City of Sammamish ("the City"), Plaintiffs bring this request for a temporary restraining order and preliminary injunction before this Court against both Defendants to prevent interference with Plaintiffs' property interests on the

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 3

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

grounds that King County's plans for construction beyond the recreational trail easement

will cause immediate and irreparable harm to be done to the Sammamish homeowners.

## II.   FACTS PERTINENT TO THE PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### A.   King County's Plan to Widen the Trail

The activities the Plaintiffs seek to enjoin concern the imminent execution of King

County's plans to inappropriately widen particular portions of its trail easement as part of

its East Lake Sammamish Master Plan Trail project. (*See*

http://www.kingcounty.gov/recreation/parks/about/capitalimprovements/eastlakesamma

mishtrail.aspx, last visited June 16, 2015.)  The East Lake Sammamish Master Plan Trail

project (the "Master Plan") is divided between two segments: "Segment A," a 1.2 mile

segment set to begin construction in late spring 2015, and "Segment B," a 3.6 mile segment

which is set to begin construction in late spring 2016.  *See id.*

Those portions of concern to the Plaintiffs relate to those portions of Segments A

and B of the former railroad corridor in which the original establishing railroad acquired a

prescriptive easement over the surface of the corridor.  Attached hereto as Exhibit A is a

portion of a map prepared by King County Department of Natural Resources and Parks,

which indicates the locations of the endpoints of Segments A and B, the locations of the

Plaintiffs' properties,[2] and the locations of those areas where the establishing railroad

---

[2]  Plaintiffs have added features to the King County map in order to clearly depict the locations of the Plaintiffs' properties within Segments A and B.  The addresses of the Plaintiffs' properties are highlighted in yellow, and the locations of Segments A and B are indicated by red and blue arrows.

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 4

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

acquired a prescriptive easement in the land.[3]  As shown by Exhibit A, all of the Plaintiffs possess property in the areas where the railroad obtained a prescriptive easement.  Despite what is shown by the map, the width of the prescriptive easement occupied and used by BNSF before the right-of-way was converted to a trail was several feet less than what is now claimed by King County.   *See* Declaration of Arul Menezes and Lucretia Vanderwende, attached hereto as Exhibit E, at ¶7; Declaration of Herbert and Elynne Moore, attached hereto as Exhibit F, at ¶6; Declaration of Reid and Teresa Brown, attached hereto as Exhibit G, at ¶7; Declaration of Tracy and Barbara Neighbors, attached hereto as Exhibit I, at ¶4.  As explained *infra*, the width of the trail in its current condition is the maximum width of the surface that King County acquired from BNSF pursuant to the Trails Act, and so is the maximum width that is under the control of King County for its trail purposes.

For the most part, the East Lake Sammamish Trail in its present form generally meets with this maximum limitation as it is limited to a maximum width of approximately 12 feet.  *See id*.  However, the "Master Plan," as described by King County, goes well beyond these limits.  As stated by King County, the Master Plan "includes the construction of a 12 foot wide paved trail with 2 foot wide gravel shoulders and a 1 foot clear zone on either side of the trail."  *See* Letter from King County re: Encroachments in Trail Corridor, February 12, 2015, attached hereto as Exhibit B.  Thus, King County's immediate plans

---

[3] As explained *infra*, in the map King County labels the prescriptive easement areas as "Adverse Possession." Such labeling is misleading, for although the railroad acquired its interest in the land by use, the interest obtained is an easement by prescription.

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 5

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

call for a widening of the trail that is at least 3 feet and as much as 6 feet beyond the limits of what it can arguably be said to legally possess. [4]

**B.**     **Construction Status**

According to King County, construction of Segment A was anticipated to begin late spring 2015.  Although King County has not yet begun construction and widening of the trail, the Plaintiffs were advised by the letter of February 12, 2015 that they would have to remove "[a]ll landscaping and other items that interfere with trail construction . . . by May 31, 2015 . . . [and that all] landscaping and other items that conflict with trail construction and remain within the County right-of-way after May 31, 2015 will be considered abandoned and **subject to removal, impound, and disposal** by the County or its contractor. "  See Exhibit B (emphasis added).  Since the time of the letter, the Plaintiffs have been led to believe by King County and the City of Sammamish (the "City") that construction and widening will take place almost immediately after the City authorizes King County's Shoreline Substantial Development Permit ("SSDP").  See e-mail from Laura Philpot, Assistant City Manager/Public Works Director of City of Sammamish, May 27, 2015, attached hereto as Exhibit C; see also Notice of Public Comment for Shoreline Substantial Development Permit, release date June 5, 2015, attached hereto as Exhibit D. According to the Notice of Public Comment, construction may begin as soon as June 18, 2015 – the date when the final public comment period is set to expire.  See Exhibit D.

---

[4]  In fact, King County's plans call for removal of what it deems "encroachments" encompassing up to 20 feet in certain areas.  *See* Declarations of Plaintiffs, Exhibits E-I.

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 6

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

**C.**     **The Irreparable Harm That Will be Done If King County Is Allowed To Execute its Master Plan**

Attached to this motion are Declarations made by several of the Plaintiffs which describe the irreparable harm and damage that will be done to their properties if King County is allowed to begin construction on June 18.  *See* Declarations of Arul Menezes and Lucretia Vanderwende, Herbert and Elynne Moore, Ted and Elaine Davis, Reid and Teresa Brown, and Tracy and Barbara Neighbors, attached hereto as Exhibits E-I.  In their Declarations, these homeowners provide straightforward examples of the irreparable harm that will be done if the Defendants execute their Master Plan:

1.     Arul Menezes and Lucretia Vanderwende

Arul Menezes and Lucretia Vanderwende possess property within Segment A and Segment B of the former railroad corridor.[5]  *See* Exhibit E, at ¶¶3, 14.  With regard to the property within Segment A, King County's Master Plan calls for the total destruction of all of the mature trees along an embankment between the trail and the house on the property, and for the construction of a 15 foot high wall topped by a 4 foot fence (therefore 2-storeys high) at the foot of the embankment, facing the house.  *Id*. at ¶5.  The planned location of this wall encroaches into their parking area, destroying what is currently parking space for three cars.  *Id*. at ¶6.  The plan also calls for the complete removal of trees, thereby destroying any privacy for the home.  *Id*.  The loss of privacy and parking will significantly impact both the quality of life for anyone residing in the home, not to mention these homeowners' property values.  *Id*.

---

[5]  The property at 4257 E Lake Sammamish Shore SE is actually owned by plaintiff, Lake Sammamish 4257 LLC.  Arul Menezes and Lucretia Vanderwende are the owners and registered agents of the company, as shown on the Washington Secretary of State's website.

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 7

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

King County also plans to place a 70 foot long, 10 foot wide and 20 foot deep concrete drainage vault between the trail and the house. *Id.* at ¶9.  This poses a significant impact on these landowners because it forever precludes replanting trees or shrubs for privacy between the house and the trail, ensuring that the damage to these homeowners is permanent and irreparable. *Id.*  It would also be prohibitively expensive to remove, should it be proved later that the vault and wall location exceeds King County's prescriptive easement and therefore encroaches on their property. *Id.*

King County further plans to route drainage from the north/east side of the trail to this vault, and from there tie into a street drain that runs through the property to the lake. *Id.* at ¶10.  This is a minor private street drain that is only 4 inches in diameter for much of the way, and it does not collect existing drainage from the north/east side of the Trail. *Id.*  A drain inspector recently advised these homeowners that the drain is nearly 100% clogged, and so if the drain ever overflows the runoff would sheet directly into their garage and lower floor living space. *Id.* at ¶12.

Turning to the Plaintiffs' property within Segment B, the homeowners report that a fence was built on the property in 1997 at the edge of the actual area used by the railroad, as measured from the actual rails, before the rails were removed. *Id.* at ¶16.  Between the fence and the home is a strip of younger trees and landscaping as well as a private road that gives access to the home and 3 homes further down the road. *Id.* at ¶17.  If King County expands the trail towards the house they will destroy the fence, trees, and landscaping and hence any privacy for the home. *Id.*  It is also highly likely trail construction will encroach on the street, which is already very narrow. *Id.*  Any such encroachment will make it impossible for the home on the property and the next 3 homes to be reached by ambulance

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

or fire engine. *Id*. at ¶¶18, 19. The resulting safety issues, loss of access, loss of parking, and loss of privacy will severely damage the homeowners' quality of life and reduce their property values, and possibly result in loss of life in the case of fire or medical emergency.

## 2. Herbert and Elynne Moore

Herbert and Elynne Moore possess property within the prescriptive easement area of Segment A of the former railroad corridor. *See* Exhibit F, at ¶3; Exhibit A. King County's Master Plan at the Moores' location calls for the center line of the trail to be moved 1 to 2 feet towards their home in order to accommodate a drainage ditch on the opposite side of the trail. *Id*. at ¶4. This will result in the destruction of 7 significant trees (as defined by the Master Plan), 12 additional trees, several mature rhododendrons, and ground cover which all lie between their home and the trail. *Id*. at ¶5. These trees are extremely large, mature, and lie in an area that was never utilized by the railroad before the corridor was converted into a nature and hiking trail. *Id*. at ¶6. There is no reason why the trail could not be moved closer to the opposite side of the trail where the drainage ditch lies, as opposed to towards these homeowners' home. *Id*. at ¶7. If the trees are removed, this will cause a loss of privacy and noise barrier from trail users. *Id*. at ¶8.

An additional concern for these homeowners is that the planned removal of the trees and bushes, and the plans to widen and pave the trail will increase flooding of the house on the property due to removal of these natural barriers and the less permeable character of the paved road. *Id*. at ¶9. King County's construction plans also call for the removal of their landscape light and irrigation systems, all of which are beyond the width of the prescriptive easement the former railroad ever used to operate its railroad. *Id*. at ¶10; *see also* Ex. A. The resulting safety and flooding issues, costs for removal, noise increase,

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 9

crime increase, and loss of privacy are likely to severely damage these homeowners' quality of life and reduce the property value of their home. *See* Exhibit E, at ¶11.

### 3.     Reid and Teresa Brown

Reid and Teresa Brown's property is located within Segment B of the former railroad corridor. *See* Exhibit G, at ¶3. The property is bisected into a northern and southern portion by the former railroad corridor. *Id.* Reid Brown has lived at this property since 1981. *Id.* at ¶7. In 1981, when the railroad was still in operation, the railroad occupied a corridor of about 12 feet wide and not more than 15 feet wide on the centerline.[6] *Id.* Whether King County's Master Plan and planned expansion will occur within the northern portion or the southern portion of the Reid's property is unknown to them at this time. *Id.* at ¶9.     If King County decides to expand into the northern portion of these landowner's property, this will result in the destruction of a staircase which is used to access a parking area and mailbox on the northern portion of the property. *Id.* at ¶10. If King County decides to expand into the southern portion of their property, this will result in the removal of parking for 2 cars, a privacy fence, ornamental plantings, irrigation system, and retaining wall. *Id.* at ¶11.

An additional concern for the Browns is the loss of privacy that would result from the removal of their privacy fence. *Id.* at ¶12. The trail is approximately 4 feet higher than their parking area, and looks directly down into their bathroom and bedroom. *Id.* Of note,

---

[6] In their Declaration, the Browns also note that taking King County's expected legal position to its full conclusion, King County claims control of a trail 100 feet wide. As pointed out by the Browns, this is completely ridiculous, for if such were the case then the Browns would lose 15 feet of their living room, bathroom, and bedroom, along with all parking and access to their house. Additionally, at least 6 other legally constructed and currently occupied residences in Segment B have the same issue.

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 10

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

is that no additional views are gained by trail users, as the Browns' home completely blocks the view of Lake Sammamish from the viewpoint of the trail.  *Id*.  In sum, the resulting loss of parking, costs for removal, noise increase, crime increase, and loss of privacy are likely to severely damage the Browns' quality of life and reduce the property value of their home.  *Id*. at ¶13.

### 4. Ted and Elaine Davis

Ted and Elaine Davis' property is located within Segment B of the former railroad corridor.  *See* Exhibit H, at ¶3.  King County's Master Plan calls for the removal of these homeowners' privacy fence, removal of their landscaping and irrigation system, and seizure of their parking area.  *Id*. at ¶5.  King County's plans will also have the effect of narrowing the road utilized for access to their home and 12 other homes, and so they will not have any access for the fire department, and the accessibility for other emergency personnel, such as EMT's, will be greatly reduced.  *Id*. at ¶6.  As seniors, this is a major concern to the Davises.  *Id*.

Based upon their review of the Master Plan, the Davises believe that if the center line of the Trail must be moved, there is no reason why it cannot be moved towards the northern portion of their property, which is unimproved, as opposed to the southern portion where their home is located.  *Id*. at ¶7.  An additional concern is that the planned removal of trees and bushes, and the plans to widen and pave the trail will increase flooding of their home and property due to removal of these natural barriers and the less permeable character of the paved road.  *Id*. at ¶8.

King County's construction plans also call for the removal of these homeowners' landscape light and irrigation systems, all of which are beyond the width of the prescriptive

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 11

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

easement the former railroad ever used to operate its railroad. *Id*. at ¶9. The resulting loss of parking, safety and flooding issues, costs for removal, noise increase, crime increase, and loss of privacy will severely damage their quality of life and reduce the property value of their property and home. *Id*. at ¶10.

The Davises note further that any of the supposed "improvements" to the trail by King County do not appear necessary for bicyclists, who the Davises have observed to prefer the biking lanes located on nearby East Lake Sammamish Parkway. *Id*. at ¶11.

### 5.   Tracy and Barbara Neighbors

Tracy and Barbara Neighbors' property is located within Segment B of the former railroad corridor. *See* Exhibit I, at ¶3. The property is bisected into a western and eastern portion by the former railroad corridor. *Id*. The western portion of their property has on it a small lakefront "cabana" which they utilize for entertainment and as a guest residence. *Id*. at ¶6. Their main residence sits atop a steep hillside and is accessible via a concrete footpath which descends to a concrete path near the edge of the existing trail. *Id*. at ¶7. The Neighbors use this concrete path to wheel heavy items up and down the footpath, such as lawnmowers and waste containers. *Id*. The edge of the concrete path lies outside of the eastern side of the current 12 foot wide trail. *Id*. at ¶8.

Outside of the western side of the 12 foot wide trail there is a row of mature landscaping bushes which provides privacy for the guest residence on the western portion of these homeowners' property. *Id*. at ¶9. According to King County officials, King County proposes to expand the trail at the Neighbors' location to a width of 22 feet, and further plan to pave the trail and also to construct a retaining wall on the eastern side of the trail. *Id*. at ¶10. In addition, the Neighbors have been advised by King County that it would

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 12

like to convert their concrete path into a flight of stairs, to remove at least the 3 mature trees on the main residence side of their property, and remove or substantially modify their irrigation system. *Id*. at ¶¶10, 11.

If these changes are made, it would result in the loss of these homeowners' irrigation system, loss of their landscaping bushes, destruction of their concrete pad, and partial removal of their concrete path. *Id*. at ¶12. Aside from the obvious loss of property, King County's proposed changes would result in a loss of privacy due to the removal of the landscaping and expansion of the trail nearer to the Neighbors' main residence and cabana. *Id*. at ¶13. Likewise, the increase in foot and bicycle traffic will cause a further reduction of privacy. *Id*. The conversion of the concrete path would change the complete nature of the access to the lake front property, and would have the effect of placing a tremendous burden on these homeowners if they are forced to haul their equipment up concrete steps rather than a smooth path. *Id.* at ¶14.

Another effect of implementation of the Master Plan would be reduction in the Neighbors' ability to fully enjoy the southern portion of their property. *Id.* at ¶15. Once the trail is paved there will certainly be a significant uptick in usage of the property. *Id*. The net result will have a chilling effect on their ability to freely access their property without interference by trail users. *Id*.

There is also the potential loss of water, sewer and electrical connection leading to the lakefront cabana. *Id.* at ¶16. Previously approved water, sewer and electrical connections run underneath the trail to the lake front "cabana." *Id*. King County has been notified by the Neighbors of the need to maintain these utility connections as well as the

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 13

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

1   ability to access the utilities from time to time as might be required.  *Id.*  The cabana was

2   permitted in 2008 and the connections put in place around that time.  *Id.*

3          Another concern for the Neighbors is water runoff.  *Id.* at ¶17.  The Neighbors

4   currently do not experience water runoff issues due to the permeable nature of the trail in

5   its present design despite the runoff from the adjacent hillside.  *Id.*  Pavement of the trail

6   will create new water runoff issues due to the introduction of an asphalt surface.  *Id.*  Put

7   simply, the rainwater will have to go somewhere.  King County has yet to provide

8   clarification as to how they expect to deal with this issue on these homeowners' property.

9

10  *Id.*  If King County decides to construct a storm water retention vault, this would be an

11  additional loss of these homeowners use and enjoyment of the property, not to mention the

12  introduction of an unsightly wall.  *Id.* at ¶18.

13  ## III.   <u>ARGUMENT</u>

14          A party seeking a Temporary Restraining Order under Federal Rule of Civil

15  Procedure 65 "must establish that he is likely to succeed on the merits, that he is likely to

16  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

17

18  in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def.*

19  *Council, Inc.*, 555 U.S. 7, 20 (2008) (discussing standard for preliminary injunction);

20  *Frontline Medical Associates, Inc. v. Coventry Healthcare Workers Compensation, Inc.*,

21  620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009) (requirements for issuing temporary

22
    restraining order are identical to those for preliminary injunction); *L.A. Unified Sch. Dist.*
23
    *v. U.S. Dist. Ct.*, 650 F.2d 1004,1008 (9th Cir. 1981) ("if the district court's order meets
24
25  the exacting requirements of a preliminary injunction, it follows a fortiori that it is

    acceptable as a TRO.").

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 14

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

A.      **The Plaintiffs are Likely to Succeed on the Merits of Their Claim**

The Plaintiffs' goal in these proceedings is to either permanently enjoin King County from interfering with their property or, if King County and the City so choose, for Plaintiffs to seek just compensation from the Defendants for a taking of their private property. Part and parcel to this goal is declaratory relief in the form of a judgment that determines the expanse of King County's interest in the right-of-way, i.e. the width of its surface easement. Accordingly, the pertinent issue for the Court's determination is whether a likelihood of success on the merits exists as to whether King County's surface easement can be no greater than a width that is necessary for railroad purposes.

Attached as Exhibit J is a portion of a map prepared and made available to the public by King County Department of Natural Resources and Parks. The map depicts the locations of the former railroad right-of-way that comprises the East Lake Sammamish Trail.[7] *See id.* In its map, King County labels the prescriptive easement it acquired from BNSF as obtained by BNSF's predecessor-in-interest as "Adverse Possession," but this is misleading. *See id.* King County's labeling of these areas is properly interpreted as the

---

[7] Exhibit J is identical to Exhibit A, save for the deletion of the features drawn on Exhibit A by Plaintiffs.

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

**means** by which BNSF's predecessor-in-interest acquired its interest in the land.  The same error is made in other instances in Exhibit J in which certain areas are labeled as "Easement" or "Deed to Railroad from Private Party." *See id*.  What King County apparently meant to communicate is that the "Easement" areas relate to portions where BNSF's predecessor-in-interest conveyed an easement by deed, and that the "Deed to Railroad from Private Party" areas relate to portions where BNSF's predecessor-in-interest conveyed the fee interest by deed.   This makes sense of course, since an easement can of course be granted by deed.  *See Kiely v. Graves*, 271 P.3d 226, 231 (Wash. 2012) (explaining that a deed to a local government for a right of way could be interpreted as only conveying an easement).

Such is the same for the "Adverse Possession" areas.  King County means to communicate the manner by which BNSF's predecessor-in-interest acquired a prescriptive easement in those areas.  In these areas, the railroad did not obtain a deed from the landowners, it simply began using the land for railroad purposes.  A prescriptive easement requires "(1) use **adverse** to the owner of the servient land; (2) use that is open, notorious, continuous, and uninterrupted for 10 years; and (3) knowledge of such use by the owner at a time when he was able to assert and enforce his rights." *810 Props. v. Jump*, 170 P.3d 1209, 1261 (Wash. App. 2007) (emphasis added).  In fact, the United States government stipulated that BNSF's predecessor-in-interest acquired a prescriptive easement in these areas in a Trails Act takings case in the Court of Federal Claims.  *See Beres v. United*

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 16

*States*, 104 Fed. Cl. 408, 415 (Fed. Cl. 2012).[8]   Exhibit J conclusively shows that the easement obtained by BNSF's predecessor-in-interest was not obtained via a specific grant that defined the precise boundaries of the easement.

In Washington, the extent of an easement acquired by prescription is "fixed and determined by the user in which it originated." *Northwest Cities Gas Co. v. Western Fuel Co.,* 123 P.2d 771, 779 (Wash. 1942) (*quoting* 28 C.J.S. 751, Easements, § 74).  Similarly, a right of way by prescription is bounded by the line of reasonable enjoyment. *Van De Vanter v. Flaherty*, 79 P. 794, 796 (Wash. 1905).  Pursuant to the doctrine of reasonable enjoyment, the width of a prescriptive easement is restricted to that which is reasonably necessary and convenient to effectuate the original purpose of the easement. *Sunnyside Valley Irr. Dist. v. Dickie,* 149 73 P.3d 369, 372 (Wash. 2003).

As set forth by several of the Plaintiffs, the current width of the trail was all that was under the control of BNSF before the railroad easement was converted to an easement for recreational trail use.  *See* Decl. of Menezes and Vanderwende, Exhibit E, at ¶7; Decl. of Moores, Exhibit F, at ¶6; Decl. of Browns, Exhibit G, at ¶7; Decl. of Neighbors, Exhibit I, at ¶4.  Indeed, Reid Brown states that he owned the property as far back as 1981 when BNSF was still running its trains over the tracks, and that at that time the width of the railroad corridor was the same as the current width of the trail, which was between 12 and 15 feet wide.  *See* Exhibit G, at ¶7.  Thus, the haphazard boundaries of the prescriptive easement, as depicted by King County in Exhibit J, are inaccurate because they are not

---

[8]  In a prior decision, Judge Marian Blank Horn held that abutting homeowners to this same railroad right-of-way owned fee title to the land underlying the right-of-way.  *Beres v. United States,* 97 Fed. Cl. 757 (Fed. Cl. 2011).

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 17

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

restricted to that which was used by BNSF to operate its railroad. Such is made obvious by the fact that the boundary lines drawn by King County invade into some of the Plaintiffs' houses. As pointed out by the Reids, King County's boundary lines go to a width of a 100 feet, which would result in trail users hiking and cycling through his living room, bathroom, and bedroom. *See* Exhibit G, at ¶14.

That the width of a railroad's prescriptive easement is defined by its use is supported by the Court of Federal Claims' decision in *Illig v. United States,* 58 Fed. Cl. 619 (Fed. Cl. 2003). In *Illig*, the parties were in dispute over the width of a railroad easement that was converted into a recreational trail under the Trails Act. *See id.* For the portion of the railroad easement the original establishing railroad acquired an easement by prescription, the court determined the width could only be established by evidence showing what width the railroad actually used. *Id*. at 630. The holding in *Illig* therefore supports the Sammamish homeowners argument that the width of King County's easement can be no greater that the current width of the trail because that is all that is necessary for railroad purposes.

For these reasons, the Plaintiffs have conclusively proven that they are likely to succeed on the merits of their claims, which is dependent on a determination that King County's easement is of no greater width than what is necessary for railroad purposes.

**B.** **Absent Immediate Injunctive Relief, the Sammamish Homeowners Will Likely Suffer Irreparable Harm**

In their Declarations, the Plaintiffs have set forth a legion of examples of the harm that will be done on their properties if King County is permitted to execute its Master Plan. *See* Exhibits E-I. Destruction of property along the trail, including removal of landscaping,

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 18

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

retaining walls, and cutting down large mature trees are some of the more poignant examples of the severe harm that will be done, given the huge expenses that would be incurred by homeowners to remove those objects.  *See* Decl. of Moores, Exhibit F, at ¶5 (Master Plan for Segment A calls for the destruction of 7 significant, 12 additional trees, several mature rhododendrons, and ground cover which all lie between their home and the trail).

Perhaps the most prime examples of how the harm is irreparable are set forth by homeowners whose properties will no longer be accessible by emergency vehicles and those whose properties that are set to have large structures placed upon them.  In their Declarations, Arul Menezes, Lucretia Vanderwende, Ted Davis, and Elaine Davis point out that when King County narrows their access roads, emergency vehicles will no longer have adequate access to their houses.  *See* Exhibit G, at ¶¶18, 19; Exhibit H, at ¶6.

Arul Menezes and Lucretia Vanderwende also point out that there will be a huge, 2-story high wall and fence erected on their property.  *See* Decl. of Menezes and Vanderwende, Exhibit E, at ¶5.  In addition, a 70 foot long, 10 foot wide and 20 foot deep concrete drainage vault will be built between the trail and the house. *Id*. at ¶9.  If Arul Menezes and Lucretia Vanderwende are not granted temporary injunctive relief, yet eventually do succeed on the merits of their claim, King County will be ordered to remove all of these structures.  The cost of such endeavors would be huge, and these homeowners will be forced to tolerate the intrusion that construction and deconstruction would cause.

Nearly as problematic as having enormous structures put in place is the loss of parking.  As can be seen in several of the pictures accompanying the Declarations, parking is in nothing short of high demand in the area.  *See* Decl. of Menezes and Vanderwende,

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

Exhibit E; Decl. of Browns, Exhibit G; Decl. of Davises, Exhibit H.  The loss of these prized assets would result in a huge decrease in each of these homeowners' property values.

In addition, it is irrefutable that irreparable harm is imminent and likely for those homeowners whose properties lie within Segment A.  As has been made clear by the City, it will be in position to issue its final authorization of King County's Shoreline Substantial Development Permit as soon as the latest Public Comment expires on June 18, 2015.  *See* Exhibit D.  If injunctive relief is not granted by that date, then there will no longer be any impediments to King County's execution of its Master Plan for Segment A.  This is not to say that irreparable harm is not likely for the homeowners in Segment B, for all of the evidence indicates that King County has substantial plans for the entirety of the 12.45 mile East Lake Sammamish Trail.   Simply because no specific plans have been released does not mean that the massive construction will not occur.  Such has been made clear by City officials who have made known to Segment B homeowners that King County's plans call for massive changes to that area.  *See* Decl. of Neighbors, Exhibit I, at ¶10.  In any event, King County unequivocally states on the website it maintains for the trail that "[c]onstruction is anticipated to begin late spring 2016." (*See* http://www.kingcounty.gov/recreation/parks/about/capitalimprovements/eastlakesammamishtrail/eastlakesammamishtrailsegmentbplanning.aspx, last visited June 16, 2015.)

In sum, to characterize the anticipated harm that will be done on these landowners as imminent, likely, and irreparable would be a vast understatement, given that the Master Plan calls for massive changes to these landowners' properties.  For this reason, and for the reasons set forth in the attached Declarations, this Court should enter an Order enjoining

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 20

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

1
2
King County and the City from moving forward with the construction described by King County's Master Plan.

3   **C.   The Balance of Equities Tips Decisively in Favor of Issuance of the TRO**

4
5
6
7
8
9
10
11
12
13
The equities here favor the Plaintiffs for they stand to suffer severe harm to their property if the TRO is not issued.  By contrast, Defendants' plans for a new and improved trail for the public will merely be put off until such time as a court of competent jurisdiction can resolve the underlying title dispute.  It cannot be said that King County residents will suffer any immediate harm due to such a delay, as the trail has been in the precise condition it is now for nearly 20 years.  Thus, the Plaintiffs' request is merely a request that King County maintain the status quo.  Given that any hardship King County could be said to suffer would pale in comparison to that which would be endured by the Plaintiffs, the balance of equities tips decisively in favor of issuing the TRO.

14
15   **D.   The Public's Interest is Squarely in Favor of Protecting the Plaintiffs from Harm**

16
17
18
19
20
21
22
23
24
25
The conflicting public interests involved here concern the anticipated acts of King County, a government entity, which these homeowners contend will certainly damage their private property.  Article I, Section 16 of the Washington Constitution provides that "[n]o private property shall be taken or damaged for public or private use without just compensation having been first made."  Thus, the public interest implicated here is the threat of a governmental taking without just compensation.  Indeed, King County's proposed actions establish the elements for a claim of inverse condemnation.  *See Dickgieser v. State,* 105 P.3d 26, 29 (Wash. 2005) (identifying the elements required to establish an inverse condemnation claim as: "(1) a taking or damaging (2) of private

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 21

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626

property (3) for public use (4) without just compensation being paid (5) by a governmental entity that has not instituted formal proceedings."). If King County wishes to widen its trail, the proper course of action would be for King County and/or the City to initiate condemnation proceedings. It is no surprise to Plaintiffs that Defendants have chosen to side-step this course, for given the high property values involved, such would be a costly endeavor for the Defendants. Considering that the public's interest is always served when a government abides by its laws, the public interest in this instance is in favor of the Plaintiffs.

**E.** **Even If the Defendant Characterizes Plaintiffs' Chances Of Success on the Merits as Unlikely, Because the Hardship Balance Tips Sharply Towards Plaintiffs Injunctive Relief Should be Granted**

In those instances where there may be serious questions going to the merits of a claim, yet the balance of hardships tips sharply in a plaintiff's favor, such will support issuance of an injunction if there is a likelihood of irreparable injury and the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Thus, even if this Court doubts the likelihood of success of Plaintiffs' claim, because the evidence set forth clearly shows the Plaintiffs will likely endure irreparable injury if King County executes its Master Plan, then pursuant to *Cottrell* injunctive relief may still be issued if such is in the public interest.[9] As stated previously, public interest is

---

[9] Plaintiffs anticipate that King County may point to another action filed by some of these homeowners and point to a recent order from that case as raising "serious questions" going to the merits of these claims. *See Sammamish Homeowners, et al v. King County*, No. 15-CV-0028 MJP, filed February 25, 2015, Order on Motion to Dismiss for Lack of Standing, Dkt. # 19. Any such argument would be a straw-man argument, because the claim for relief in that case is unrelated to the issue here. This case is about the width of the trail easement, and does not touch issues of title. In any event, it is worth noting that decision did not even touch on the merits of those plaintiffs' claims, as the court granted them permission to refile their case.

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 22

1  served in this instance by preserving the Plaintiffs' property and avoiding the damaging of

2  their property without compensation.

3          For these reasons, this Court should issue a TRO even if the Court believes there

4  are serious questions going to the Plaintiffs' claims.

5  **IV.     <u>CONCLUSION</u>**

6          For the foregoing reasons, the Plaintiffs respectfully request this Court enter a

7  Temporary Restraining Order and Preliminary Injunction restraining Defendants King

8  County and the City of Sammamish from executing King County's planned construction,

9

10 pending final judgment of the underlying action in this matter.

11          Date: June 17, 2015.                    STEWART, WALD & MCCULLEY, LLC

12                                                  BY: <u>/s/ *Thomas S. Stewart*</u>
                                                    Thomas S. Stewart
13                                                  Elizabeth McCulley
                                                    Michael J. Smith
14                                                  9200 Ward Parkway, Suite 550
                                                    Kansas City, MO 64114
15                                                  Telephone:     (816) 303-1500
                                                    Facsimile:     (816) 527-8068
16                                                  stewart@swm.legal
17                                                  mcculley@swm.legal
18                                                  smith@swm.legal

19                                                  and

20                                                  Daryl A. Deutsch, WSBA No. 11003
                                                    RODGERS DEUTSCH & TURNER, P.L.L.C.
21                                                  3 Lake Bellevue Dr. Suite 100
                                                    Bellevue, WA  98005
22                                                  Telephone     (425) 455-1110
                                                    Facsimile      (425) 455-1626
23                                                  daryl@rdtlaw.com
24                                                  **ATTORNEYS FOR PLAINTIFFS**

25

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 23

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on the 17th day of June 2015, I served the foregoing via electronic mail on Defendants King County and the City of Lake Sammamish.

3

4          For Defendant King County:
           Andrew W Marcuse
5          David J. Hackett
           King County Prosecuting Attorney, Civil Division
6          500 4th Avenue, Suite 900
           Seattle, WA 98104-5039
7          andrew.marcuse@kingcounty.gov
           david.hackett@kingcounty.gov
8          *Attorneys for Defendant King County*

9
           For Defendant the City of Lake Sammamish:
10         Laura Philpot
           Assistant City Manager/Public Works Director
11         City of Lake Sammamish
           801 – 228th Avenue SE
12         Sammamish, WA 98075
           lphilpot@sammamish.us
13

14

15                                            _____ /s/ *Thomas S. Stewart* _____

16

17

18

19

20

21

22

23

24

25

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
PAGE 24

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425) 455-1110  Fax (425) 455-1626