1

2

3
                                           The Honorable Marsha J. Pechman

4

5

6
                    UNITED STATES DISTRICT COURT
7                  WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
8
TRACY and BARBARA NEIGHBORS; ARUL          )
9   MENEZES and LUCRETIA VANDERWENDE;       )
    LAKE SAMMAMISH 4257 LLC, HERBERT and    )   No. 2:15-cv-00970
10  ELYNNE MOORE; TED and ELAINE DAVIS;     )
    REID and TERESA BROWN; SHAWN and        )
11  TRINA HUARTE; ANNETE MCNABB;            )   DECLARATION OF DAVID
    EUGENE and ELIZABETH MOREL; VOLKER      )   HACKETT
12  ELSTE and GAIL UREEL,                   )
                                            )
13                            Plaintiffs,   )
                                            )
14               vs.                        )
                                            )
15  KING COUNTY, a home rule charter county and )
    THE CITY OF SAMMAMISH, an Incorporated  )
16  Municipality,                           )
                                            )
17                            Defendants.   )
                                            )
18  _____

19      I, David Hackett, declare and state:

20      1.      I am over eighteen years of age.  I have personal knowledge of the facts contained

21  in this declaration and am otherwise competent to testify to the matters in this declaration.

22      2.      I am a King County Senior Deputy Prosecuting Attorney and one of the assigned

23  attorneys for Defendants in this case.

DECLARATION OF DAVID HACKETT- Page 1
No. 2:15-cv-00970

Daniel T. Satterberg, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

3.      Plaintiffs in this action are associated with an advocacy group known as Sammamish Homeowners (SHO).  According to the group's public website, the president of the group is plaintiff Tom Hornish.  *See* http://www.sammamishhomeowners.org/?page_id=57 (last accessed 6/19/2015).

2.      According to the website, attorneys Tom Stewart and Liz McCulley met with "trail side residents" on the evening of May 19, 2015.  A copy of the article detailing this meeting is posted on SHO's public website and copied below.  *See* http://www.sammamishhomeowners.org/?p=106 (last accessed 6/19/2015).

Home › Uncategorized › SHO Attorneys Discuss Court Case With Residents

# SHO Attorneys Discuss Court Case With Residents

Posted on May 20, 2015 by SHO



Tom Stewart and Liz McCulley of Stewart, Wald and McCulley (SWM) spent 90 minutes with a large and involved group of trailside residents on Tuesday evening, May 19th, discussing our court case and its goals.  Tom and Liz started with a review of their practice and their specific focus on Rails-to-Trails litigation.  SWM represents many landowners like us across the US in similar litigation efforts and have been incredibly successful.  They then detailed specifics around Count 1 and Count 2 efforts and why they believe we will be successful against King County.

Residents were then given the opportunity to ask specific questions relative to their property and understanding of the trail laws.  It was a very informative and, in the end, motivating discussion.

We await a decision from the court on King County's Motion to Dismiss.  A strategy to delay permitting of Segment 2A is also in the works.

For those of you who attended the meeting and asked for links to the KC property maps, they are now available in the FAQ section here under Question 9.  Links to the 95% plan for Segment 2A are also provided here.

We wanted to get a quick update out on this meeting.  More will be added as we compile our notes from the meeting so check back later.

DECLARATION OF DAVID HACKETT- Page 2
No. 2:15-cv-00970

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

3.     The SHO website also contains an April 11, 2015 link to a YouTube video by Mr. Hornish soliciting clients for a lawsuit against King County.  In the video, Mr. Hornish seeks $500 per homeowner to help fund the *Sammamish Homeowner's* lawsuit.  *See* http://www.sammamishhomeowners.org/?p=31 (last accessed 6/19/2015).  He points out that there are areas where the railroad established the corridor by adverse possession.  *Id.*  He seeks $2,000 from those property owners in addition to the $500 dollars.  *Id.*

4.     After receiving a copy of Plaintiffs' Motion for Temporary Restraining Order by email on June 17, 2015, we advised Plaintiffs' counsel of facts demonstrating that his Motion had no merit, asked him to reconsider his course and asked for, at a minimum, a 4-week briefing schedule.  In response, Plaintiffs' counsel rejected withdrawing his Motion, stating "It is really your choice at this point whether you want to do it the easy way or the hard way – either listen to these landowners concerning the design of the trail or turn it into a very large damages case."  He further conditioned any extension of the briefing schedule on the TRO Motion on the County "hitting the pause button with respect to the permitting process."  True and correct copies of the email exchange with Plaintiffs' Counsel, Tom Stewart, are attached hereto as Exhibit A.

I declare under penalty of perjury of the law of the United States and the State of Washington that, to the best of my knowledge, the foregoing is true and correct.

Signed this 19th day of June, 2015 at Seattle, Washington.

_____
DAVID HACKETT

DECLARATION OF DAVID HACKETT- Page 3
No.  2:15-cv-00970

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

# EXHIBIT A
# HACKETT DECLARATION

# EXHIBIT A

**Hackett, David**

| | |
|---|---|
| **From:** | Thomas S. Stewart <Stewart@swm.legal> |
| **Sent:** | Thursday, June 18, 2015 7:36 AM |
| **To:** | Harris, Emily; Elizabeth G. McCulley; Michael J. Smith; daryl@rdtlaw.com |
| **Cc:** | Hackett, David; lphilpot@sammamish.us |
| **Subject:** | RE: Neighbors et al v. King County et al. |

Emily,

I suppose I should apologize for sending courtesy copies?  Please rest assured that summonses have been issued and proper service will be completed.  We were merely attempting to follow the rules with respect to motions for temporary restraining orders and those deadlines, as you know, are different than normal service.

We are not attempting any end run around Judge Pechman's ruling.  In fact, we are filing a motion for an extension to file an amended complaint in that case this morning and we will, due to your motion and her ruling, satisfy the requirements for an amended complaint by getting chains of title and our experts geared up.  You must not have done a careful reading of the courtesy copies you received yesterday though because even a cursory review of the Complaint, Motion for TRO, and the accompanying exhibits should reveal that the issues are totally different.  Your comment about "disregarding judicial resources" is laughable though given the status of the array of pending motions filed by King County in several cases.  My clients have been trying to participate in a meaningful dialogue with the City and the County for many, many months to no avail and they very much want to be heard on these issues.  It is really your choice at this point whether you want to do it the easy way or the hard way—either listen to these landowners concerning the design of the trail or turn it into a very large damages case.

We will ultimately let the Court decide if there is any basis for our motion for a temporary restraining order and preliminary injunction.  We are willing, however, to brief these issues over the next 30 days or so, assuming you hit the pause button with respect to the permitting process, and turn the motion for temporary restraining order into a hearing for a preliminary injunction.  If you have serious interest in doing that jointly, we are happy to oblige.  Otherwise, all of my clients are anxious to testify with respect to the need for a temporary restraining order.

Please let me hear from you at your earliest opportunity.  I will not even dignify your reference to Rule 11 sanctions.

**From:** Harris, Emily [mailto:eharris@corrcronin.com]
**Sent:** Wednesday, June 17, 2015 6:15 PM

1

**To:** Thomas S. Stewart; mccully@swm.legal; Michael J. Smith; daryl@rdtlaw.com
**Cc:** Hackett, David
**Subject:** Neighbors et al v. King County et al.

Tom,

The County has received by email a courtesy copy of the Complaint you filed initiating a new case relating to the East Lake Sammamish Trail. We have also received by email a courtesy copy of the Motion for Temporary Restraining Order and Preliminary Injunction. Neither constitutes proper service, as required by the rules. As of this email, it's our understanding that the County has not been served with either the complaint or your motion. Deadlines for responding do not commence until proper service is made.

We believe that the filing of a new case is also an improper attempt to create an end-run around Judge Pechman's June 5, 2015 order granting King County's Motion to Dismiss in *Sammamish Homeowners et al v. King County*, no. 15-cv-284, and also shows disregard for judicial resources. Tracy and Barbara Neighbors, Arul Menezes and Lucretia Vanderwende and Herbert Moore and Elynne Moore who are plaintiffs in the new case are among the plaintiffs who filed the original complaint in the *Sammamish Homeowners* case. As part of those claims, they alleged that the County was claiming to be able to utilize greater widths than the railroad had – the same allegation in the new case -- which amounted to a cloud on plaintiffs' fee ownership. Judge Pechman granted a motion to dismiss those claims, but ordered plaintiffs to file an amended complaint that addressed the issues raised in her order. Instead of filing an amended complaint in the existing action, plaintiffs chose to file an entirely new action, which we can only assume was an attempt at judge shopping.

Moreover, as you are undoubtedly aware, there is no plan for construction to start tomorrow, much less in the next month. The only permit pending with the City of Sammamish is for the South Sammamish Segment A of the East Lake Sammamish Trail. As you are aware, only two plaintiffs in the new case have property adjacent to Segment A, and are, therefore, the only plaintiffs who could have any possible claim regarding the approval of the permit and construction on Segment A. Further, the permit for Segment A is still under review by the City and has not yet been approved. Even if this permit is approved, the appeal period must run before the permit is deemed final and additional permits must be obtained, such as a grading permit and JARPA, before construction could commence. There has been no permit filed with the City of Sammamish for Segment B of the Trail. As such, there is no permit even pending for the remaining Plaintiffs in the new action. Given these facts, there is no basis for your motion for temporary restraining order and preliminary injunction.

Please be aware that we believe Rule 11 sanctions may be warranted. We ask that you reconsider your course of action, including the filing of the new complaint and the motion. At a minimum, we request that you agree that your motion be heard on an appropriate 4-week briefing schedule pursuant to LR 7(d)(3).

Sincerely,

David J. Hackett
Senior Deputy Prosecutor
King County Prosecuting Attorney's Office
Voice: 206-477-9483** Fax: 206-296-8819

** Please note new number

Emily Brubaker Harris
**Corr Cronin Michelson Baumgardner Fogg & Moore LLP**
**1001 Fourth Avenue, Suite 3900 | Seattle, WA 98154**
**Tel: (206) 621-1477 | Fax: (206) 625-0900**
**eharris@corrcronin.com**

2

**NOTICE:**
This electronic message transmission contains information which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you received this electronic transmission in error, please notify the sender and delete the copy you received.

3