THE HONORABLE MARSHA J. PECHMAN

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  TRACY and BARBARA NEIGHBORS; ARUL
   MENEZES and LUCRETIA VANDERWENDE;
10 LAKE SAMMAMISH 4257 LLC, HERBERT
   and ELYNNE MOORE; TED and ELAINE
11 DAVIS; REID and TERESA BROWN; SHAWN
   and TRINA HUARTE; ANNETTE MCNABB;
12 EUGENE and ELIZABETH MOREL; VOLKER
   ELSTE and GAIL UREEL,
13
                            Plaintiffs,
14
          v.
15
   KING COUNTY, a home rule charter county,
16 and THE CITY OF SAMMAMISH, an
   Incorporated Municipality,
17
                            Defendants.
18

No. 2:15-cv-00970

**DECLARATION OF ROBERT NUNNENKAMP**

19        I, Robert Nunnenkamp, hereby state as follows:

20        1.      I am over the age of eighteen, have personal knowledge of the facts stated below and

21 am otherwise competent to testify regarding these matters.

22        2.      My name is Robert Nunnenkamp and I am employed as a Property Agent with the

23 King County Division of Parks and Recreation. I have held this position since 2000.

24        3.      One of my responsibilities is to assist in the issuance of Special Use Permits (SUP)

25 for use of Park Property, including the East Lake Sammamish Trail (ELST). King County Code

DECLARATION OF ROBERT
NUNNENKAMP – Page 1
No. 2:15-cv-00970

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

14.30 requires citizens or businesses to obtain a special use permit in order to use public property for private purposes.

4.      Typical applicant requests for use of the ELST corridor include ingress, egress and utility crossings. Other uses considered on a case-by-case basis include additional parking, fencing and landscaping.

5.      Special Use Permits have standard terms and conditions.  SUP for the ELST generally referred to the Master Plan process for the trail and stated that it may affect the nature or scope of permitted uses.

6.      Applicants seeking SUP must sign the permit and return it to Real Estate Services with a check for the fees as well as proof of insurance. This constitutes acceptance of the terms and conditions in the permit.

7.      I have been the Property Agent for almost all of the ELST permits since 2005.  Five of plaintiffs in the above-referenced lawsuit or their predecessors-in-interest have obtained SUP in order to use ELST property for private purposes.  A true and correct copy of these SUP are attached hereto as Exhibit A.

8.      I have reviewed the railroad valuation map and acquisition schedule for the railroad right of way along the section of right of way at issue in this lawsuit.  The valuation map and acquisition schedule were initially prepared by one of BNSF's predecessors, pursuant to Interstate Commerce Commission requirements and are dated 1917.  A true and correct copy of the valuation map and acquisition schedule is attached hereto as Exhibit B.

9.      The 1917 acquisition schedule shows that the railroad acquired 4.71 acres through adverse possession.  This portion was designated as parcel 6, which is located in Government Lot 2 of Section 7, Township 24N, Range 6E.

DECLARATION OF ROBERT
NUNNENKAMP – Page 2
No. 2:15-cv-00970

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

10.     Using King County's ArcView GIS program with a 2013 aerial photo, I measured the railbed length to be approximately 2050 feet.  A true and correct copy of the map I created using the ArcView GIS program is attached hereto as Exhibit C.

11.     Multiplying 4.71 acres times 43,560 (the number of square feet in an acre), you get a total area of 205,167.6 square feet. This is the square footage of the adverse possession area known as parcel 6. Dividing this area by 2050 feet (the length of parcel 6) you get 100.08 feet. This number, 100 feet, is the width of parcel 6 as it was shown by the railroad in 1917.

12.     The property of Eugene and Elizabeth Morel is located in Government Lot 2 of Section 7, Township 24N, Range 6E, which is parcel 6 on the valuation map and acquisition schedule.

13.     On May 23, 2006, the BNSF railroad quitclaimed certain land within the right of way to Angelina Rose Morel and Stephen Louis Morel.  In the May 23, 2006 quitclaim deed, the land at issue is described as "That portion of Burlington Northern Railroad Company's…100.0 foot wide Snoqualmie Branch Line right of way, situated in Government Lot 2 of Section 7, Township 24 North, Range 6 East." BNSF excepted from the quitclaim, a strip of land 50 feet wide from the 100 foot wide right of way.  BNSF also reserved all oil, gas and mineral rights in the entire 100 foot wide right of way. A true and correct copy of the May 23, 2006 quitclaim deed is attached hereto as Exhibit D.

14.     Other quitclaim deeds issued by BNSF for this same section of right of way indicate that the right of way was 100 feet wide.  A true and correct copy of additional quitclaim deeds are attached hereto as Exhibit E.

15.     The King County Property Assessor's map for this same section of right of way also indicates that the right of way is 100 feet wide.  A true and correct copy of the King County Property Assessor's map is attached hereto as Exhibit F.

//

DECLARATION OF ROBERT
NUNNENKAMP – Page 3
No. 2:15-cv-00970

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

1   //

2

3

4       I declare under penalty of perjury under the laws of the State of Washington that the

5   foregoing is true and correct to the best of my knowledge and belief.

6       DATED this 19th day of June, 2015, in Seattle, Washington.

7

8

9

10                                  Robert Nunnenkamp

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF ROBERT
NUNNENKAMP – Page 4
No. 2:15-cv-00970

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on June 19, 2015, I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

4

     DATED this ____ day of _____, 2015.

5

6

                              _s/_ _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF ROBERT
NUNNENKAMP – Page 5
No. 2:15-cv-00970

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1107-01-ff184220em

# EXHIBIT A
# NUNNEKAMPS DECLARATION

EXHIBIT A

Plaintiff Davis
3137 East Lake Sammamish Shore Lane SE
Parcel #072406-9020

KING COUNTY
Department of Construction and Facilities Management
Property Services Division
500 King County Administration Building
500 Fourth Avenue
Seattle, WA 98104  (206) 296-7456 FAX 296-0196

RECEIVED

MAY 0 4 2006

Department of Parks
and Recreation

SPECIAL USE PERMIT
Use of County Owned Property

| PERMIT NUMBER: S-81-06 | FILE NO. | DATE: 04/24/2006 |
|---|---|---|

PERMITTEE:

TED & ELAINE DAVIS
3137 EAST LAKE SAMMAMISH SHORE LANE SE
SAMMAMISH, WA 98075-

DAY  PHONE:                    OTHER/FAX PHONE:

PURPOSE:
TO INSTALL & MAINTAIN LANDSCAPING IMPROVEMENTS & REMOVE EXISTING FENCE
TO BE REPLACED WITH NEW 6FT. TALL FENCE

| LEGAL DESCRIPTION | 1/4 | Sec | Twp | Rge | Account No. | Kroll Page |
|---|---|---|---|---|---|---|
| | NE | 07 | 24 | 06 | | 550E |

PIN 072406-9004 EAST LAKE SAMMAMISH TRAIL
ADJACENT TO PARCEL # 072406-9020 AKA 3137 E.LK. SAMMAMISH SHORE LN. SE

EXPIRATION: This permit shall not be valid for more than 10 YEARS
and expires on the _12th_ day of _May_ 2016.

| PERMIT FEE: | $ | 25.00 | INSPECTION FEE: | $ | 0.00 |
|---|---|---|---|---|---|
| ADMINISTRATIVE FEE: | $ | 0.00 | PLAN REVIEW FEE: | $ | 0.00 |
| LAND USE FEE: | $ | 0.00 | OTHER FEE: | $ | 0.00 |
| BOND AMOUNT: | $ | 0.00 | INSURANCE AMOUNT: | $ | 500,000.00 |

Permittee MUST notify ROBERT NUNNENKAMP          AT: 206-263-6207
AT LEAST 72 HOURS PRIOR TO BEGINNING WORK & IMMEDIATELY UPON COMPLETION.

By this permit King County authorizes the use of the above described
property:

Custodial Approval _Thomas W. Koney_ Date _5·8·06_

Property Services Approval _____ Date _5/11/06_

The Permittee agrees to comply with the terms and conditions contained
herein.
SEE REVERSE SIDE FOR TERMS AND CONDITIONS.

Signature of Permittee _Ted Rufaus_ Date _28-APR-06_

NOTE: Permit not valid without all necessary signatures and expiration date.
Ordinance 4099, King County Code 14.46

TED & ELAINE DAVIS
SPECIAL USE PERMIT
S-81-06

15. <u>SPECIAL TERMS AND CONDITIONS:</u>

    a.    All prior existing railroad permits, agreements or leases are terminated and replaced by this King County Special Use Permit.

    b.    All use of King County's East Lake Sammamish Trail corridor is restricted to the removal of an existing split rail fence and the installation and maintenance of a 6' high cedar fence and landscaping.

    c.    The permittee shall not make any additional use of, or improvements or alterations to the corridor that is not specifically authorized in this permit. Any additional use of the corridor must be approved in writing by King County. Such approval shall be made an amendment to this permit and contain appropriate conditions.

    d.    The permittee will be responsible to secure and provide proof of all necessary permits prior to starting any construction on the corridor of ways for ingress and egress or of utility crossings as authorized by this permit.

    e.    It is understood that the existing split rail fencing is County property. The permittee shall use reasonable care in removing and safely staging the split rail material for pick up by Parks maintenance staff. Pick up of fence material shall be coordinated with Hank Bradberry, Utility Lead, 206-296-2974.

    f.    Following authorized construction activities on the corridor, the permittee shall restore park property and trail shoulders altered by the construction activity to their original or better condition, including the restoration of any drainage systems. The permittee will not dump or dispose of construction debris and surplus material on parkland at any time.

    g.    If at any time the authorized use, improvement, alteration or construction on parkland creates a condition which could pose a danger to park users, the permittee will be responsible for posting temporary signage, using Parks approved barricades, or taking other Parks approved measures to facilitate continued safe use of parkland.

    h.    The King County Park System reserves the right to set additional terms as unforeseen conditions may warrant.

    i.    The permittee will contact Robert Nunnenkamp, Property Agent at 206-263-6207 to coordinate on site inspections, prior to and following any work on parkland.

    j.    The permittee understands that future trail development resulting from the King County Park System Master Plan Process may affect or alter the nature or scope of the permitted use. The permittee further understands that under the Rails-to-Trails Act(Title 16, Untied States Code, Section 1247(d) and the Quit Claim Deed from The Land Conservancy to King

TED & ELAINE DAVIS
SPECIAL USE PERMIT
S-81-06

15k.  <u>INSURANCE:</u>

The permittee shall procure and maintain appropriate homeowners insurance or coverage against claims for injuries to persons or damages to property.  Furthermore, the permittee shall make sure that any agents, employers, or contractors performing work hereunder on behalf of the permittee must provide evidence of appropriate bonding and insurance.

<u>Verification of Coverage:</u>

The permittee shall furnish the King County Property Services Division with certificate of insurance required by this permit.

County (King County Recording Number 9809181252), The Land Conservancy, its designees, licensees, or assigns reserve the right to reactivate rail service over the subject property, which may require the relocation or removal of the permittee's improvements at his sole cost and/or negotiate continued use of the property with The Land Conservancy, its designees, licensees or assigns.

Plaintiff Brown
3139 East Lake Sammamish Shore Lane SE
Parcel #072406-9008

KING COUNTY
Department of Construction and Facilities Management
Property Services Division
500 King County Administration Building
500 Fourth Avenue
Seattle, WA 98104  (206) 296-7456 FAX 296-0196

FILE COPY

RECEIVED

SPECIAL USE PERMIT
Use of County Owned Property

MAY 08 2006

Department of Parks
and Recreation

| | |
|---|---|
| PERMIT NUMBER:  S-80-06    FILE NO.          DATE: 04/24/2006 | |

PERMITTEE:

REID & TERESA BROWN
3139 EAST LAKE SAMMAMISH SHORE LANE SE
SAMMAMISH, WA 98075-

DAY  PHONE:                    OTHER/FAX PHONE:

PURPOSE:
TO INSTALL & MAINTAIN LANDSCAPING IMPROVEMENTS & REMOVE EXISTING FENCE
TO BE REPLACED WITH NEW 6FT. TALL FENCE.

| LEGAL DESCRIPTION | 1/4 | Sec | Twp | Rge | Account No. | Kroll Page |
|---|---|---|---|---|---|---|
| | NE | 07 | 24 | 06 | | 550E |

PIN 072406-9004 EAST LAKE SAMMAMISH TRAIL
ADJACENT TO PARCEL # 072406-9003 AKA 3139 E. LK. SAMMAMISH SHORE LN. SE

EXPIRATION: This permit shall not be valid for more than 10 YEARS
and expires on the 12th   day of May         2016.

| | | | | | |
|---|---|---|---|---|---|
| PERMIT FEE: | $ | 25.00 | INSPECTION FEE: | $ | 0:00 |
| ADMINISTRATIVE FEE: | $ | 0.00 | PLAN REVIEW FEE: | $ | 0.00 |
| LAND USE FEE: | $ | 0.00 | OTHER FEE: | $ | 0.00 |
| BOND AMOUNT: | $ | 0.00 | INSURANCE AMOUNT: | $ | 500,000.00 |

Permittee MUST notify  ROBERT NUNNENKAMP        AT: 206-263-6207
AT LEAST 72 HOURS PRIOR TO BEGINNING WORK & IMMEDIATELY UPON COMPLETION.

By this permit King County authorizes the use of the above described
property:

Custodial Approval _____ Date 5/8/06

Property Services Approval _____ Date 5/11/06

The Permittee agrees to comply with the terms and conditions contained
herein.
SEE REVERSE SIDE FOR TERMS AND CONDITIONS.

Signature of Permittee _____ Date 4/27/2006

NOTE: Permit not valid without all necessary signatures and expiration date.
Ordinance 4099, King County Code 14.46

REID & TERESA BROWN
SPECIAL USE PERMIT
S-80-06

15k.   <u>INSURANCE:</u>

The permittee shall procure and maintain appropriate homeowners insurance or coverage against claims for injuries to persons or damages to property.  Furthermore, the permittee shall make sure that any agents, employers, or contractors performing work hereunder on behalf of the permittee must provide evidence of appropriate bonding and insurance.

<u>Verification of Coverage:</u>

The permittee shall furnish the King County Property Services Division with certificate of insurance required by this permit.

REID & TERESA BROWN
SPECIAL USE PERMIT
S-80-06

15.   SPECIAL TERMS AND CONDITIONS:

a.   All prior existing railroad permits, agreements or leases are terminated and replaced by this King County Special Use Permit.

b.   All use of King County's East Lake Sammamish Trail corridor is restricted to the removal of an existing split rail fence and the installation and maintenance of a 6' high cedar fence and landscaping.

c.   The permittee shall not make any additional use of, or improvements or alterations to the corridor that is not specifically authorized in this permit. Any additional use of the corridor must be approved in writing by King County. Such approval shall be made an amendment to this permit and contain appropriate conditions.

d.   The permittee will be responsible to secure and provide proof of all necessary permits prior to starting any construction on the corridor of ways for ingress and egress or of utility crossings as authorized by this permit.

e.   It is understood that the existing split rail fencing is County property. The permittee shall use reasonable care in removing and safely staging the split rail material for pick up by Parks maintenance staff. Pick up of fence material shall be coordinated with Hank Bradberry, Utility Lead, 206-296-2974.

f.   Following authorized construction activities on the corridor, the permittee shall restore park property and trail shoulders altered by the construction activity to their original or better condition, including the restoration of any drainage systems. The permittee will not dump or dispose of construction debris and surplus material on parkland at any time.

g.   If at any time the authorized use, improvement, alteration or construction on parkland creates a condition which could pose a danger to park users, the permittee will be responsible for posting temporary signage, using Parks approved barricades, or taking other Parks approved measures to facilitate continued safe use of parkland.

h.   The King County Park System reserves the right to set additional terms as unforeseen conditions may warrant.

i.   The permittee will contact Robert Nunnenkamp, Property Agent at 206-263-6207 to coordinate on site inspections, prior to and following any work on parkland.

j.   The permittee understands that future trail development resulting from the King County Park System Master Plan Process may affect or alter the nature or scope of the permitted use. The permittee further understands that under the Rails-to-Trails Act(Title 16, Untied States Code, Section 1247(d) and the Quit Claim Deed from The Land Conservancy to King

County (King County Recording Number 9809181252), The Land Conservancy, its designees, licensees, or assigns reserve the right to reactivate rail service over the subject property, which may require the relocation or removal of the permittee's improvements at his sole cost and/or negotiate continued use of the property with The Land Conservancy, its designees, licensees or assigns.

Charlene Tagas
(Plaintiff Hoarte)
3003 East Lake Sammamish Parkway
Parcel #072406-9041

FILE COPY

KING COUNTY
Department of Construction and Facilities Management
Property Services Division
500 King County Administration Building
500 Fourth Avenue
Seattle, WA 98104  (206) 296-7456 FAX 296-0196

SPECIAL USE PERMIT
Use of County Owned Property

RECEIVED
JUL 11 2007
Department of Parks
and Recreation

| PERMIT NUMBER:  S-116-07 | FILE NO. | DATE: 06/28/2007 |
|---|---|---|

PERMITTEE:

CHARLENE TAGAS
3003 E. LK. SAMMAMISH PKWY. SE
SAMMAMISH, WA 98075-

DAY  PHONE:                    OTHER/FAX PHONE: 425-427-8679F

PURPOSE:
TO USE A PORTION OF THE EAST LAKE SAMMAMISH TRAIL CORRIDOR AS AN INGRESS/EGRESS
& UTILITY CROSSING, TO REMOVE INVASIVE PLANTS & LANDSCAPING & TO INSTALL &
MAINTAIN A FENCE.

| LEGAL DESCRIPTION | 1/4 | Sec | Twp | Rge | Account No. | Kroll Page |
|---|---|---|---|---|---|---|
| | 07 | 24 | 06 | | | 550E |

PIN 072406-9004 EAST LAKE SAMMAMISH TRAIL CORRIDOR
WITHIN THE BOUNDARIES OF THE ABOVE REFERENCED PARCEL, ADJACENT TO PARCEL #
072406-9041 AKA 3003 E. LK. SAMMAMISH PKWY. SE

EXPIRATION: This permit shall not be valid for more than 10 YEARS
            and expires on the  16th  day of  July  2017.

| PERMIT FEE: | $ | 25.00 | INSPECTION FEE: | $ | 0.00 |
|---|---|---|---|---|---|
| ADMINISTRATIVE FEE: | $ | 0.00 | PLAN REVIEW FEE: | $ | 0.00 |
| LAND USE FEE: | $ | 0.00 | OTHER FEE: | $ | 0.00 |
| BOND AMOUNT: | $ | 0.00 | INSURANCE AMOUNT: | $ | 500,000.00 |

Permittee MUST notify  ROBERT NUNNENKAMP                AT: 206-263-6207
AT LEAST 72 HOURS PRIOR TO BEGINNING ANY WORK & IMMEDIATELY UPON COMPLETION.

By this permit King County authorizes the use of the above described
property:

Custodial Approval _____ Date 7/12/07

Property Services Approval _____ Date 16 July 07

The Permittee agrees to comply with the terms and conditions contained
herein.
SEE REVERSE SIDE FOR TERMS AND CONDITIONS.

Signature of Permittee  Charlene Tagas  Date 7/6/07

NOTE: Permit not valid without all necessary signatures and expiration date.
      Ordinance 4099, King County Code 14.46

CHARLENE TAGAS
SPECIAL USE PERMIT
S-116-07

## 15. **SPECIAL TERMS AND CONDITIONS:**

    a.  All prior existing railroad permits, agreements or leases are terminated and replaced by this King County Special Use Permit.

    b.  All use of King County's East Lake Sammamish Trail corridor ("corridor") is restricted to existing ingress, egress & utility crossing in place & landscaping & fence installation and maintenance.

    c.  Fence location must be approved on-site by KCPR prior to its installation. Access gate must slide or swing outward from the trail corridor.

    d.  The Permittee shall not make any additional use of, or improvements or alterations to the corridor that is not specifically authorized in this permit. Any additional use of the corridor must be approved in writing by King County. Such approval shall be made an amendment to this permit and contain appropriate conditions.

    e.  The Permittee will be responsible to secure and provide proof of all necessary permits prior to starting any construction on the corridor of ways for ingress and egress or of utility crossings as authorized by this permit.

    f.  Following authorized construction activities on the corridor, the Permittee shall restore park property and trail shoulders altered by the construction to original or better condition, including the restoration of any drainage systems. The Permittee will not dump or dispose of construction debris and surplus material on parkland and any time.

    g.  If at anytime the authorized use, improvement, alteration or construction on parkland creates a condition, which could pose a danger to park users, the Permittee will be responsible for posting temporary signage, using Parks approved barricades, or taking other Parks approved measures to facilitate continued safe use of parkland.

    h.  The permittee understands that future trail development resulting from the King County Park System Master Plan Process may affect or alter the nature or scope of the permitted use. The permittee further understands that under the Rails-to-Trails Act (Title 16, United States Code, Section 1247 (d) and the Quit Claim Deed from The Land Conservancy to King County (King County Recording Number 9809181252), The Land Conservancy, its designees, licensees, or assigns reserve the right to reactivate rail service over the subject property, which may require the relocation or removal of the Permittee's improvements. In the event of such reactivation, this permit will expire and the permittee will be required to remove or relocate his improvements at his sole cost and/or negotiate continued use of the property with The Land Conservancy, its designees, licensees or assigns.

CHARLENE TAGAS
SPECIAL USE PERMIT
S-116-07

## 15. <u>SPECIAL TERMS AND CONDITIONS CONTINUED</u>

    i.   The Permittee will contact Robert Nunnenkamp, Property Agent at (206) 263-6207 to coordinate on-site inspections, prior to and following any work on parkland.

    j.   King County reserves the right to set additional terms as for unforeseen conditions may warrant.

CHARLENE TAGAS
SPECIAL USE PERMIT
S-116-07

15k.   <u>INSURANCE:</u>

The permittee shall procure and maintain appropriate homeowners insurance or coverage against claims for injuries to persons or damages to property. Furthermore, the permittee shall make sure that any agents, employers, or contractors performing work hereunder on behalf of the permittee must provide evidence of appropriate bonding and insurance.

<u>Verification of Coverage:</u>

The permittee shall furnish the King County Property Services Division with certificate of insurance required by this permit.

Plaintiff Annette McNabb
3143 East Lake Sammamish Shore Lane SE
Parcel #072406-9030

KING COUNTY
Department of Construction and Facilities Management
Property Services Division
500 King County Administration Building
500 Fourth Avenue
Seattle, WA 98104   (206) 296-7456 FAX 296-0196

RECEIVED

JUN 09 2006

Department of Parks
and Recreation

SPECIAL USE PERMIT
Use of County Owned Property

| PERMIT NUMBER: S-78-06   FILE NO.   DATE: 04/24/2006 |
|---|

PERMITTEE:

ANNETTE MCNABB
3143 EAST LAKE SAMMAMISH SHORE LANE SE
SAMMAMISH, WA 98075-

DAY PHONE:425-391-5889   OTHER/FAX PHONE:

PURPOSE:
TO INSTALL & MAINTAIN LANDSCAPING IMPROVEMENTS & REMOVE EXISTING FENCE
TO BE REPLACED WITH NEW 6FT. TALL FENCE

| LEGAL DESCRIPTION | 1/4 | Sec | Twp | Rge | Account No. | Kroll Page |
|---|---|---|---|---|---|---|
| | NE | 07 | 24 | 06 | | 550E |

PIN 072406-9004 EAST LAKE SAMMAMISH TRAIL
ADJACENT TO PARCEL # 072406-9030 AKA 3143 E.LK. SAMMAMISH SHORE LN.SE

EXPIRATION: This permit shall not be valid for more than 10 YEARS
and expires on the 14th   day of   June       2016.

| PERMIT FEE: | $ | 25.00 | INSPECTION FEE: | $ | 0.00 |
|---|---|---|---|---|---|
| ADMINISTRATIVE FEE: | $ | 0.00 | PLAN REVIEW FEE: | $ | 0.00 |
| LAND USE FEE: | $ | 0.00 | OTHER FEE: | $ | 0.00 |
| BOND AMOUNT: | $ | 0.00 | INSURANCE AMOUNT: | $ | 500,000.00 |

Permittee MUST notify  ROBERT NUNNENKAMP           AT: 206-263-6207
AT LEAST 72 HOURS PRIOR TO BEGINNING WORK & IMMEDIATELY UPON COMPLETION.

By this permit King County authorizes the use of the above described
property:

Custodial Approval _____ Date 6/12/06

Property Services Approval _____ Date 6/13/06

The Permittee agrees to comply with the terms and conditions contained
herein.
SEE REVERSE SIDE FOR TERMS AND CONDITIONS.

Signature of Permittee ___ on file _____ Date 06-06-2006

NOTE: Permit not valid without all necessary signatures and expiration date.
Ordinance 4099, King County Code 14.46

ANNETTE MCNABB
SPECIAL USE PERMIT
S-78-06

15. **SPECIAL TERMS AND CONDITIONS:**

a. All prior existing railroad permits, agreements or leases are terminated and replaced by this King County Special Use Permit.

b. All use of King County's East Lake Sammamish Trail corridor is restricted to the removal of an existing split rail fence and the installation and maintenance of a 6' high cedar fence and landscaping.

c. The permittee shall not make any additional use of, or improvements or alterations to the corridor that is not specifically authorized in this permit. Any additional use of the corridor must be approved in writing by King County. Such approval shall be made an amendment to this permit and contain appropriate conditions.

d. The permittee will be responsible to secure and provide proof of all necessary permits prior to starting any construction on the corridor of ways for ingress and egress or of utility crossings as authorized by this permit.

e. It is understood that the existing split rail fencing is County property. The permittee shall use reasonable care in removing and safely staging the split rail material for pick up by Parks maintenance staff. Pick up of fence material shall be coordinated with Hank Bradberry, Utility Lead, 206-296-2974.

f. Following authorized construction activities on the corridor, the permittee shall restore park property and trail shoulders altered by the construction activity to their original or better condition, including the restoration of any drainage systems. The permittee will not dump or dispose of construction debris and surplus material on parkland at any time.

g. If at any time the authorized use, improvement, alteration or construction on parkland creates a condition which could pose a danger to park users, the permittee will be responsible for posting temporary signage, using Parks approved barricades, or taking other Parks approved measures to facilitate continued safe use of parkland.

h. The King County Park System reserves the right to set additional terms as unforeseen conditions may warrant.

i. The permittee will contact Robert Nunnenkamp, Property Agent at 206-263-6207 to coordinate on site inspections, prior to and following any work on parkland.

j. The permittee understands that future trail development resulting from the King County Park System Master Plan Process may affect or alter the nature or scope of the permitted use. The permittee further understands that under the Rails-to-Trails Act(Title 16, Untied States Code, Section 1247(d) and the Quit Claim Deed from The Land Conservancy to King

County (King County Recording Number 9809181252), The Land Conservancy, its designees, licensees, or assigns reserve the right to reactivate rail service over the subject property, which may require the relocation or removal of the permittee's improvements at his sole cost and/or negotiate continued use of the property with The Land Conservancy, its designees, licensees or assigns.

ANNETTE MCNABB
SPECIAL USE PERMIT
S-78-06

15k.    **INSURANCE:**

The permittee shall procure and maintain appropriate homeowners insurance or coverage against claims for injuries to persons or damages to property.  Furthermore, the permittee shall make sure that any agents, employers, or contractors performing work hereunder on behalf of the permittee must provide evidence of appropriate bonding and insurance.

Verification of Coverage:

The permittee shall furnish the King County Property Services Division with certificate of insurance required by this permit.

Plaintiff Arol Menezes
3145 East Lake Sammamish Shore Lane SE
Parcel #072406-9024

KING COUNTY
Department of Construction and Facilities Management
Property Services Division
500 King County Administration Building
500 Fourth Avenue
Seattle, WA 98104  (206) 296-7456 FAX 296-0196



SPECIAL USE PERMIT
Use of County Owned Property

| | |
|---|---|
| PERMIT NUMBER:  S-59-00 . FILE NO. | DATE: 06/01/2000 |

PERMITTEE:

ARUL MENEZES
3145 EAST LAKE SAMMAMISH SHORE LANE SE
ISSAQUAH, WA 98027

DAY  PHONE:425 392-1611      OTHER/FAX PHONE:

PURPOSE:
TO USE A PROTION OF THE TRAIL CORRIDOR FOR AN INGRESS AND EGRESS FOR THE
DELIVERY OF CONSTRUCTION MATERIALS AND THE MAINTENANCE OF A RETAINING WALL.

LEGAL DESCRIPTION  1/4  Sec  Twp  Rge  Account No.      Kroll Page
                    NE   07   24   06                   550

    EAST LAKE SAMMAMISH TRAIL CORRIDOR
ADJACENT TO PROPERTY LOCATED AT 3145 EAST LAKE SAMMAMISH SHORE LANE SE
AKA PARCEL #072406-9024. (SEE LOCATION PLANS DATED 6/1/00).

EXPIRATION: This permit shall not be valid for more than 5 YEARS
            and expires on the 11th day of APRIL    2007

| | | | | | |
|---|---|---|---|---|---|
| PERMIT FEE: | $ | 25.00 | INSPECTION FEE: | $ | 0.00 |
| ADMINISTRATIVE FEE: | $ | 0.00 | PLAN REVIEW FEE: | $ | 0.00 |
| LAND USE FEE: | $ | 0.00 | OTHER FEE: | $ | 0.00 |
| BOND AMOUNT: | $ | 0.00 | INSURANCE AMOUNT: | $ | 500,000.00 |

Permittee MUST notify JOB WILSON          AT: 296-4438
AT LEAST 72 HOURS PRIOR TO BEGINNING WORK AND IMMEDIATELY UPON COMPLETION.

By this permit King County authorizes the use of the above described
property:

Custodial Approval  SIGNATURE ON FILE VIA FAX   Date 4/10/02

Property Services Approval  _Bennik Kim_   Date 4/10/02
                             _For Manager_

The Permittee agrees to comply with the terms and conditions contained
herein.
SEE REVERSE SIDE FOR TERMS AND CONDITIONS.

Signature of Permittee  _A.N. Arul_   Date 4/1/02

NOTE: Permit not valid without all necessary signatures and expiration date.
      Ordinance 4099, King County Code 14.46

ARUL MENEZES
SPECIAL USE PERMIT
S-59-00

15. SPECIAL TERMS AND CONDITIONS:

    a. King County Park System approves the existing road/utility crossing.

    b. King County Park System recommends approval of the requested alteration provided the permittee presents a final construction plan of the retaining wall designed and engineered to accommodate possible railway use. The plans must be submitted to and approved by KCPS before work takes place.

    c. The permittee secures appropriate construction permits from the City of Sammamish concerning the design and construction of the retaining wall to met railway standards. The plans must be approved by the City of Sammamish before work takes place.

    d. KCPS recommends that fees be waived in this area of the corridor.

    e. The permittee understands that no further work, use, improvements or alterations of the corridor are approved without advance written approval of KCPS.

    f. Immediately following work on and use of the corridor, the permittee will restore all disturbed resources within park property to its original or better conditions, and will be responsible for the removal and disposal of all debris generated by the permitted work, as approved by KCPS representative.

    g. The permittee understands the future trail development resulting from the King County Park System Master Plan Process may affect or alter the permitted use. The permittee further understands that under the Rails-to-Trails Act (Title 16, United States Code, Section 1247 (d) and the Quit Claim Deed from Burlington Northern Railroad Company to King County (Recording Number 9809181252) Burlington Northern, its designees, licensees, or assigns reserves the right to reactivate rail service over the subject property, which may require the relocation or removal of the permittee's improvements. In the event of such reactivation, this permit will expire and the permittee will be required to remove or relocate his improvements at his sole cost and/or negotiate continued use of the property with Burlington Northern, its designees, licensees or assigns.

    h. The King County Park System reserves the right to set additional terms as unforeseen conditions may warrant.



ARUL MENEZES
SPECIAL USE PERMIT
S-59-00

15i.    INSURANCE

The permittee shall procure and maintain appropriate homeowners insurance or coverage against claims for injuries to persons or damages to property.  Furthermore, the permittee shall make sure that any agents, employers, or contractors performing work hereunder on behalf of the permittee must provide evidence of appropriate bonding and insurance.

Verification of Coverage:

The permittee shall furnish the King County Property Services Division with certificate of insurance required by this permit.

# EXHIBIT B
# NUNNEKAMPS DECLARATION

EXHIBIT B

## ELST Corridor-- Historic Property Acquisition Schedule

Final 12/13/99
(Revision 12/16/99)
( 1st draft 12/6/99)

| Property N. to S. | Grantor | Grantee | Convey. | Width | Recording No. | Language in Deed | Comment | Record Locator | Val-Sec RR Map | Lineal Measures of Property (from/to) | Calculated Length |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Perrigo | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13708 | Donate, grant, convey ROW -- Have /Held Forever | Acquisition immediately North of County Owned of ROW | Bk. 40, p.389, 5-28-1887 | 2-9 | 36,940 to 38,325 | 1385 |
| 2 | Schwartz | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13710 | Donate, grant, convey ROW -- Have /Held Forever | Start KC owned ROW / Portion of holding leased to private--Lease# 219197 | Bk. 42, p.351, 5-28-1887 | 2-10 | 38,325 to 40,025 | 1700 |
| 3 | Kellett | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13855 | Donate, grant, convey ROW -- Have /Held Forever | | Bk. 40, p.530, 6-10-1887 | 2-11 | 40,025 to 41,840 | 1815 |
| 4 | Whitehead | S.L.S.& E. Ry Co. | R.W.D. | 100 | 57121 | Grant, bargain,sell, convey ROW in Fee Simple | Portion of holding leased to private--Lease # 213393 | Bk. 99, p.580, 6-21-1890 | 2-13 | 41,840 to 41,959.8 | 119.8 |
| 5 | Hinds, A. | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13844 | Donate, grant, convey ROW in Fee Simple | combined 2 records | Bk. 99, p.580, 6-21-1890 | 2-14 | 41,959.8 to 43,528.8 | 1570 |
| 6 | Hinds, SN | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13845 | Donate, grant, convey ROW -- Have /Held Forever | combined 2 records,cont'd from Kellett | Bk. 99, p.580, 5-24-1887 | 2/16, 3-1 | 43,528.8 to 46,460 | 2930.2 |
| 7 | Act Congress | S.L.S.& E. Ry Co. | LG | 50 | -- | Donate, grant, convey ROW -- Have /Held Forever | combined 2 records | Bk. 41, p.383, 5-24-1887 | 3-2 | 46,460 to 47,800 | 1340 |
| 8 | Cordon | S.L.S.& E. Ry Co. | R.W.D. | 50 | vacated, rescan | Donate, grant, convey ROW -- Have /Held Forever | Portion of holding leased to private--Lease # 500166 | Bk. 41, p.383, 5-24-1887 | 3-3 | 47,800 to 49,390 | 1590 |
| 9 | Palmberg, A | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13877 | Donate, grant, convey ROW -- Have /Held Forever | 2 deeds | Bk. 110, p.388, 9-29-1890 | 3-4 | 49,390 to 51,280 | 1900 |
| 10 | Hutchinson | N.P. Ry Co. | QCD | 100 | 307061 | Archive unreadable, film can't be duplicated | combined 3 records | Bk. 406, p.27, 8-16-1904 | 3-6, 9-6, 9-8 | 51,280 to 56,135 | 4875 |
| 11 | Reeves | N.P. Ry Co. | QCD | 100 | 305111 | Convey & Quit Claim... | | Bk. 310, p.396, 7-29-1904 | 3-9 | 56,135 to 58,840 | 2705 |
| 12 | Davis | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13455 | Donate, grant, convey ROW -- Have /Held Forever | | Bk. 42, p.255, 5-09-1887 | 3-10 | 58,840 to 61,670 | 2830 |
| 13 | Yonderpump | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13452 | Donate, grant, convey ROW -- Have /Held Forever | | Bk. 40, p.303, 5-09-1887 | 3-11 | 61,670 to 62,990 | 1320 |
| 14 | Steebase | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13452 | Donate, grant, convey ROW -- Have /Held Forever | | Bk. 40, p.354, 5-09-1887 | 3-12 | 62,990 to 64,550 | 1560 |
| 15 | Tarahilkut | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13451 | Donate, grant, convey ROW -- Have /Held Forever | | Bk. 40, p.302, 5-09-1887 | 3-13 | 64,550 to 66,180 | 1650 |
| 16 | | | R.W.D. | 100 | 13451 | Donate, grant, convey ROW -- Have /Held Forever | | Bk. 40, p.302, 5-09-1887 | 4-1 | 66,180 to 67,280 | 1100 |
| 17 | Hitchmann | S.L.S.& E. Ry Co. | ESMT | 100 | 13449 | Donate, grant, convey ROW -- Have /Held Forever | Land Grant Deed #146653, | Bk. 42, p.250, 5-09-1887 | 4-2 | 67,280 to 67,702.3 | 422 |
| 18 | AP | S.L.S.& E. Ry Co. | ESMT | | -- | Held By Adverse Possession [Sec.31-25-6, SE Qtr] | No Record Found | No Record Found | 4-3 | 67,702.3 to 72,100 | 4397.7 |
| 19 | Tibbets, G | S.L.S.& E. Ry Co. | R.W.D. | 50 | -- | Donate, grant, convey ROW -- Have /Held Forever | Portion of holding leased to private-Lease #100612 | Bk. 42, p.250, 5-09-1887 | 4-4 | 72,100 to 73,347.2 | 1247.2 |
| 20 | AP | | LG | 100 | -- | USA Land Grant | Land Grant Deed #146653, | Bk. 103, p.530, 9-06-1890 | 4-5 | 73,347.2 to 74,790 | 1442.8 |
| 21 | Act Congress | S.L.S.& E. Ry Co. | ESMT | | -- | USA Land Grant | | Mar.03-1875 | 4-7 | 74,790 to 76,840 | 2050 |
| 22 | Sandenken | S.& I. Ry Co. | ESMT | 100 | -- | Held By Adverse Possession [Sec.7-24-6, NE Qtr] | 2000', width ??????? | Mar.03-1875 | 4-6 | 76,840 to 79,200 | 1570 |
| 23 | AP | S.L.S.& E. Ry Co. | LG | 100 | -- | Held By Adverse Possession [Sec.7-24-6, NE Qtr] | | Mar.03-1875 | 4-5 | 79,200 to 80,320 | 1120 |
| 24 | N.P. Ry.Co. | S.& I. Ry Co. | 1 | 100 | 171984 | Grant, bargain, convey -- Have /Held Forever | Owned by Deed-Lot# 166653, Excess deeded out to Alexander | Deed # 103 Void | 4-11 | 80,320 to 81,400 | 1330.2 |
| 25 | State of WA | N.P. Ry Co. | W.D. | 100 | 275704 | Held By Adverse Possession | Orig.Lot#146653, NPRR conveyed (Middleton) w/o retaining ROW | Deed # 103 Void | 4-12 | 81,400 to 82,920 | 1520 |
| 26 | State of WA | R.O.W. | R.O.W. | 100 | 301063 | Right to Occupy for RR purposes | Government right-of-way Deed | Bk. 383, p.494, 9-30-1903 | 4-13 | 82,920 to 84,354.4 | 1600 |
| 27 | Giles | N.P. Ry Co. | W.D. | 100 | -- | Bargain & warrant strip of land | | Bk. 388, p.433, 6-17-1904 | 4-14 | 84,354.4 to 85,400 | 1340 |
| 28 | State of WA | S.& I. Ry Co. | B.S.D. | 100 | 193345 | Interest conveyed in fee. Similar to warranties deed, limited warranty | | Bk. 283, p.563, 7-24-1903 | 4-15 | 85,400 to 86,420 | 1020 |
| 29 | Gibson | W.D. | W.D. | 100 | 421460 | Convey & warrant strip of land | | Bk. 509, p.380, 6-23-1905 | 4-16 | 86,420 to 86,960 | 540 |
| 30 | Murray | S.L.S.& E. Ry Co. | R.W.D. | 100 | 14159 | Donate, grant, convey, ROW -- Have /Held Forever | | Bk. 40, p.504, 7-11-1887 | 5-1 | 86,960 to 88,415 | 2945 |
| 31 | Tibbets, M.H. | S.L.S.& E. Ry Co. | R.W.D. | 100 | 55792 | Grant, bargain,sell, convey, strip of land in Fee Simple | Portion of holding leased to private-Lease # 400332 | Bk. 99, p.802, 7-11-1887 | 5-2 | 88,415 to 91,360 | 2170 |
| 32 | Tibbets, M.H. | S.L.S.& E. Ry Co. | R.W.D. | 100 | 14158 | Donate, grant, convey, ROW -- Have /Held Forever | | Bk. 99, p.802, 7-11-1887 | 5-3 | 91,360 to 93,530 | 611.9 |
| 33 | Bush | N.P. Ry Co. | R.W.D. | 100 | 55792 | Grant, bargain,sell, convey, strip of land in Fee Simple | | Bk. 99, p.433, 6-01-1890 | 5-4 | 93,530 to 94,141.9 | 1383.1 |
| 34 | Wold | S.L.S.& E. Ry Co. | R.W.D. | 100 | 13453 | Donate, grant, convey, ROW -- Have /Held Forever | | Bk. 42, p.383, 6-01-1887 | 5-5 | 94,141.9 to 95,525 to 98,254 | 2729 |

S.L.S.& E. Ry.Co.= Seattle Lake Shore Eastern Railway Co.
N.P. Ry Co. = Northern Pacific Railway Co.
S.I. Ry Co. = Seattle International Railway Co.

R.W.D.= right-of-way Deed
L.G.= Land Grant
Q.C.D.= Quit Claim Deed
W.D.=Warranty Dd

Match Mark 869+80

Y-23
S-4

Seattle Lake Shore and Eastern Railway Company conveyed its entire Eastern Division to the Seattle and International Railway Co., by deed dated June 24, 1890.

Seattle and International Railway Company conveyed its entire property to Northern Pacific Railway Company by deed dated March 24, 1901 (A.S.Doc.210).



# EXHIBIT C
# NUNNEKAMPS DECLARATION

# EXHIBIT C



Railbed measures approx 2050' long in Gov Lot 2.

Robins

Morel

# EXHIBIT D
# NUNNEKAMPS DECLARATION

**EXHIBIT D**

(3)

COURTESY RECORDING ONLY.
NO LIABILITY FOR VALIDITY AND/OR
ACCURACY AND FILE OF FIRST AMERICAN
TITLE INSURANCE COMPANY

## QUITCLAIM DEED

**BURLINGTON NORTHERN RAILROAD COMPANY**, a Delaware corporation, Grantor, for Ten and No/100 Dollars ($10.00) and other good and valuable consideration, conveys and quitclaims, without any covenants of warranty whatsoever and without recourse to the Grantor, its successors and assigns, to **ANGELINA ROSE MOREL**, **as her separate estate and ANGELINA ROSE MOREL and STEPHEN LOUIS MOREL, as co-trustees of the MOREL FAMILY TRUST**, of 6232 146th Street S.W., Edmonds, Washington, 98026, Grantees all its right, title and interest, if any, in real estate situated in the County of King, State of Washington, together with all after acquired title of grantor therein, more particularly described as follows:

That portion of Burlington Northern Railroad Company's (formerly Northern Pacific Railway Company) 100.0 foot wide Snoqualmie Branch Line right of way, situated in Government Lot 2 of Section 7, Township 24 North, Range 6 East of the Willamette Meridian, King County, Washington, described as follows, to-wit:

Commencing at the East Quarter Corner of said Section 7; thence South 00°10' East along the East line of said Section 7 a distance of 74.4 feet to the present meander post; thence North 79°51' West 490.0 feet; thence North 68°30' West 177.4 feet; thence North 54°45' West 298.6 feet; thence North 52°23' West 208.4 feet to a post set on the shore of Lake Sammamish; thence North 43°33' West 187.68 feet; thence North 48°00' East 40.60 feet to a point on the Southwesterly line of said 100.0 foot wide Branch Line right of way and the **True Point of Beginning**; thence continuing North 48°00' East 102.10 feet to a point on the Northeasterly line of said 100.0 foot wide Branch Line right of way; thence Northwesterly along said Northeasterly right of way line along a curve concave to the Northeast having a radius of 744.27 feet, central angle of 02°45'57" a distance of 35.93 feet; thence North 26°48'39" West, tangent to the last described curve, 100.07 feet; thence South 48°00' West 103.62 feet to a point on the said Southwesterly line of said 100.0 foot wide Branch Line right of way; thence South 26°48'39" East along said Southwesterly right of way line, 72.92 feet to a point of curve; thence Southeasterly along a tangential curve concave to the Northeast

1

having a radius of 844.27 feet, central angle of 04°15'24" a distance of 62.72 feet to the **True Point of Beginning**, **EXCEPTING THEREFROM**, a strip of land 50.0 feet wide, being 25.0 feet wide on each side, as measured at right angles and radially from the centerline of said Railroad Company's Main Track, as now located and constructed.

**SUBJECT**, however, to all existing interests, including but not limited to all reservations, rights-of-way and easements of record or otherwise.

**EXCEPTING AND RESERVING**, unto Grantor, its successors and assigns, all of the coal, oil, gas, casing-head gas and all ores and minerals of every kind and nature, including sand and gravel underlying the surface of the premises herein conveyed, together with the full right, privilege and license at any and all times to explore, or drill for and to protect, conserve, mine, take, remove and market any and all such products in any manner which will not damage structures on the surface of the premises herein conveyed, together with the right of access at all times to exercise said rights.

Grantees have been allowed to make a complete visual inspection of the property and has knowledge as to the past use of the property. Based upon this inspection and knowledge, Grantees are aware of the condition of the property and **GRANTEES SPECIFICALLY ACKNOWLEDGE THAT GRANTEES ARE PURCHASING THE PROPERTY IN AN "AS-IS WITH ALL FAULTS" BASIS AND THAT GRANTEES ARE NOT RELYING ON ANY REPRESENTATION OR WARRANTIES OF ANY KIND WHATSOEVER FROM GRANTORS AS TO ANY MATTERS CONCERNING THE PROPERTY**, including the physical condition of the property and any defects thereof, the presence of any hazardous substances, wastes or contaminants in, on or under the property, the condition or existence of any of the above ground or underground structures or improvements in, of or under the property, the condition of title to the property, and the leases, easements or other agreements affecting the property. Grantees assume the risk that hazardous substances and contaminants may be present on the property, and indemnifies, holds harmless and hereby waives, releases and discharges forever Grantor from any and all present or future claims or demands, and any and all damages, loss, injury, liability, claims or costs, including fines, penalties and judgments, arising from or in any way related to the condition of the property or presence of any hazardous substances or contaminants in, on or under the property. This indemnity specifically includes the obligation of Grantees to remove, close, remediate, reimburse or take other actions requested or required by any governmental agency concerning any hazardous substances or contaminants on the property.

**TO HAVE AND TO HOLD THE SAME**, together with all the appurtenances thereunto belonging, to the said Grantees, their heirs and assigns, forever.

2

**IN WITNESS WHEREOF, BURLINGTON NORTHERN RAILROAD COMPANY** has caused its corporate name to be hereunto signed by its authorized representative, and the corporate seal to be affixed hereto this _23rd_ day of _May_, 1996.

<div align="right">

**BURLINGTON NORTHERN RAILROAD COMPANY**

By: _D. P. Schneider_
D. P. Schneider
Manager Real Estate

**ATTEST:**

By: _Margaret R. Aclin_
Margaret R. Aclin
Assistant Secretary

</div>

**STATE OF TEXAS** )
                 ) ss.
**COUNTY OF TARRANT** )

On this _23rd_ day of _May_, 1996, before me, the undersigned, a Notary Public in and for the State of Texas, duly commissioned and sworn, personally appeared D. P. Schneider and Margaret R. Aclin, to me known to be the Director Real Estate and Assistant Secretary, respectively, of Burlington Northern Railroad Company, the corporation that executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that they are authorized to execute the said instrument and that the seal affixed is the corporate seal of said corporation.

Witness my hand and official seal hereto affixed the day and year first above written.

_Doris P. Ladien_
Notary Public in and for the State of Texas

Residing at: Fort Worth, Texas

My appointment expires: _1-19-2000_

BN 11629   Monohon, WA

9609131191

3

| APPROVED LEGAL | KKH |
|---|---|
| APPROVED FORM | BRW |
| APPROVED | DRW |

# EXHIBIT E
# NUNNEKAMPS DECLARATION

**EXHIBIT E**

4

**QUITCLAIM DEED**

The Grantor, BURLINGTON NORTHERN INC., a Delaware corporation, for and in consideration of ONE DOLLAR to it paid, the receipt of which is hereby acknowledged, conveys and quitclaims to FRANCES ROBINS, also known as FRANCES S. ROBINS, as to an undivided one-half interest and WILLIAM VAL ROBINS, as to an undivided one-half interest, each as their separate estate, all interest in the following described real estate, situated in the county of King, State of Washington including any interest therein which grantor may hereafter acquire:

PARCEL A:

Beginning at the intersection of the Westerly margin of the Thomas Alexander County Road and the North line of Government Lot 2, Section 7, Township 24 North, Range 6 East, W.M., in King County, Washington, said point being South 88 degrees 14 minutes 38 seconds West 1085.18 feet from the Northeast corner of said Government Lot 2; thence southerly along the Westerly margin of said County Road on a curve to the left having a radius of 130.52 feet, the tangent to which curve at the point of beginning bears South 10 degrees 02 minutes 46 seconds East, a distance of 23.37 feet; thence South 20 degrees 18 minutes 10 seconds East 272.63 feet to the True Point of Beginning of this description; thence continuing South 20 degrees 18 minutes 10 seconds East 37.00 feet; thence South 60 degrees 51 minutes 25 seconds West to the outer boundary of the Second Class Shore Lands of Lake Sammamish; thence northwesterly along said outer boundary to a point which bears South 64 degrees 00 minutes 50 seconds West from the true point of beginning; thence North 64 degrees 00 minutes 50 seconds East to the true point of beginning, "Being known as Tract 9, Lake Sammamish Waterfront Tracts to Monohan, according to the unrecorded plat thereof";

EXCEPT, a strip of land 70 feet in width, being 50 feet wide on the Easterly side and 20 feet wide on the Westerly side of the centerline of Burlington Northern Inc.'s main track for its Snoqualmie Branch as now located and constructed across the above described premises; Also, EXCEPT a public road.

PARCEL B:

Beginning at the intersection of the Westerly margin of the Thomas Alexander County Road and the North line of Government Lot 2, Section 7, Township 24 North, Range 6 East, W.M., in King County, Washington, said point being South 88 degrees 14 minutes 38 seconds West 1085.18 feet from the Northeast corner of said Government Lot 2; thence southerly along the Westerly



margin of said County Road on a curve to the left having
a radius of 130.52 feet, the tangent to which curve at
the point of beginning bears South 10 degrees 02 minutes
46 seconds East a distance of 23.37 feet; thence South
20 degrees 18 minutes 10 seconds East 309.63 feet to the
True Point of Beginning of this description; thence
continuing South 20 degrees 18 minutes 10 seconds
East 30.48 feet; thence on a curve to the right having
a radius of 70.52 feet, 6.53 feet; thence South 57 degrees
31 minutes 36 seconds West to the outer boundary of the
Second Class Shore Lands of Lake Sammamish; thence
northwesterly along said outer boundary to a point
which bears South 60 degrees 51 minutes 25 seconds
West from the true point of beginning; thence North
60 degrees 51 minutes 25 seconds East to the true point
of beginning, "Being known as Tract 10, Lake Sammamish
Waterfront Tracts to Monohan, according to the unrecorded
plat thereof";

EXCEPT, a strip of land 70 feet in width, being 50 feet
wide on the Easterly side and 20 feet wide on the Westerly
side of the centerline of Burlington Northern Inc.'s main
track for its Snoqualmie Branch as now located and
constructed across the above described premises; Also,
EXCEPT a county road.

In WITNESS WHEREOF, said corporation has caused this instrument to be
executed by its proper officers and its corporate seal to be hereunto affixed this
23rd    day of February, 1977.

BURLINGTON NORTHERN INC.


By: _J. C. Kenady_____
                    Vice President

By: _G. F. Steinhibel_____
     Asst. Secretary


STATE OF MINNESOTA   )
                     )  ss.
COUNTY OF RAMSEY     )

   On this   23rd    day of  February , 1977, before me, the
undersigned, a Notary Public in and for the State of Minnesota, duly commissioned
and sworn, personally appeared      J. C. KENADY     and    G. F. STEINHIBEL ,
to me known to be the Vice President and    Assistant    Secretary, respectively,
of Burlington Northern Inc., the corporation that executed the foregoing instrument,
and acknowledged the said instrument to be the free and voluntary act and deed of
said corporation, for the uses and purposes therein mentioned, and on oath stated
that they were authorized to execute the said instrument and that the seal affixed is
the corporate seal of said corporation.
   Witness my hand and official seal hereto affixed the day and year first above
written.

M. M. SMITH
NOTARY PUBLIC — MINNESOTA
RAMSEY COUNTY
My Comm. Expires Dec. 18, 1979

_M. M. Smith_____
Notary Public in and for the
State of Minnesota, residing
at  St. Paul_____

2

770524 0757

FILED for Record at Request of
Burlington Northern Inc.
Seattle 98104 Wa

MAY 24 3 19 PM '77
RECORDED KC RECORDS

MAY-24-77 0035#5 7705240757 — D RF 3.00

### QUITCLAIM DEED

The Grantors, FRANCES ROBINS, also known as FRANCES S. ROBINS, as to an undivided one-half interest and WILLIAM VAL ROBINS, as to an undivided one-half interest, each as their separate estate, for and in consideration of One Dollar to them paid, the receipt of which is hereby acknowledged, convey and quitclaim to BURLINGTON NORTHERN INC., a Delaware corporation, all interest in the following described real estate, situated in the County of King, State of Washington, including any after acquired title:

A strip of land 70 feet in width, being 50 feet wide on the Easterly side and 20 feet wide on the Westerly side of the centerline of Burlington Northern Inc.'s main track for its Snoqualmie Branch as now located and constructed over and across that certain tract or parcel of land described as follows:

Beginning at the intersection of the Westerly margin of the Thomas Alexander County Road and the North line of Government Lot 2, Section 7, Township 24 North, Range 6 East, W.M., in King County, Washington, said point being South 88 degrees 14 minutes 38 seconds West 1085.18 feet from the Northeast corner of said Government Lot 2; thence southerly along the Westerly margin of said County Road on a curve to the left having a radius of 130.52 feet, the tangent to which curve at the point of beginning bears South 10 degrees 2 minutes 46 seconds East, a distance of 23.37 feet; thence South 20 degrees 18 minutes 10 seconds East 272.63 feet to the True Point of Beginning of this description; thence continuing South 20 degrees 18 minutes 10 seconds East 37.00 feet; thence South 60 degrees 51 minutes 25 seconds West to the outer boundary of the Second Class Shore Lands of Lake Sammamish; thence northwesterly along said outer boundary to a point which bears South 64 degrees 00 minutes 50 seconds West from the true point of beginning; thence North 64 degrees 00 minutes 50 seconds East to the true point of beginning, "being known as Tract 9, Lake Sammamish Waterfront Tracts to Monohan, according to the unrecorded plat thereof."

Also, a strip of land 70 feet in width, being 50 feet wide on the Easterly side and 20 feet wide on the Westerly side of the centerline of Burlington Northern Inc.'s main track for its Snoqualmie Branch as now located and constructed over and across that certain tract or parcel of land described as follows:





KING COUNTY
EXCISE TAX PAID
MAY 24 1977
E409...
MAY 24   3.13 PM '77

RECORDED KC RECORDS

7705240756

Beginning at the intersection of the Westerly margin
of the Thomas Alexander County Road and the North
line of Government Lot 2, Section 7, Township 24 North,
Range 6 East, W.M., in King County, Washington,
said point being South 88 degrees 14 minutes 38 seconds
West 1085.18 feet from the Northeast corner of said
Government Lot 2; thence southerly along the Westerly
margin of said County Road on a curve to the left having
a radius of 130.52 feet, the tangent to which curve
at the point of beginning bears South 10 degrees 2 minutes
46 seconds East a distance of 23.37 feet; thence South
20 degrees 18 minutes 10 seconds East 309.63 feet to
the True Point of Beginning of this description; thence
continuing South 20 degrees 18 minutes 10 seconds
East 30.48 feet; thence on a curve to the right having
a radius of 70.52 feet, 6.53 feet; thence South 57 degrees
31 minutes 36 seconds West to the outer boundary of
the Second Class Shore Lands of Lake Sammamish,
thence northwesterly along said outer boundary to
a point which bears South 60 degrees 51 minutes 25
seconds West from the true point of beginning; thence
North 60 degrees 51 minutes 25 seconds East to the
true point of beginning, "being known as Tract 10,
Lake Sammamish Waterfront Tracts to Monohan, according
to the unrecorded plat thereof."

Dated this   28th   day of January, 1977

_Frances Robins_
Frances Robins

_Frances S. Robins_
Frances S. Robins

_William Val Robins_
William Val Robins

STATE OF WASHINGTON     )
                        ) ss.
County of               )

On this   28   day of January   1977   , before me, the undersigned,
a Notary Public in and for the State of Washington, duly commissioned and sworn,
personally appeared Frances Robins, also known as Frances S. Robins, and
William Val Robins, to me known to be the individuals described in and who executed
the foregoing instrument, and acknowledged to me that they signed and sealed this
said instrument as their free and voluntary act and deed for the uses and purposes
therein mentioned.

GIVEN under my hand and official seal this   28th   day of January, 1977

_Sheila A. Foster_
Notary Public in and for the State of
Washington, residing at _Seattle_

2

FILED for Record at Request of

Burlington Northern Inc.

Seattle 98104 Wn.

# EXHIBIT F
# NUNNEKAMPS DECLARATION

**EXHIBIT F**

# EXHIBIT F
# NUNNEKAMPS DECLARATION

**EXHIBIT F**



LK. SAMMAMISH
WATERFRONT
TRS. TO
MONOHAN UNREC

LAKE SAMMAMISH