UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY NEIGHBORS et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY and THE CITY OF SAMMAMISH,<br><br>Defendants. | CASE NO. C15-970 MJP<br><br>ORDER ON PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

THIS MATTER comes before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 8.) Having reviewed the Motion, Defendant King County's Response (Dkt. No. 20), Defendant City of Sammamish's Response (Dkt. No. 17), and all related papers, and having heard oral argument on June 26, 2015, the Court hereby DENIES the Motion and DISMISSES the case for lack of jurisdiction but without prejudice.

**Background**

This case is brought by owners of property adjacent to the Lake Sammamish Trial project in which King County is paving and widening a trail currently used as a nature trail. (See

ORDER ON PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 1

Compl., Dkt. No. 1 at 2.) The trail was originally a railroad right of way which was acquired by King County from Burlington Northern Santa Fe ("BNSF') pursuant to a process laid out in the National Trails System Act Amendments of 1983, Pub. L. No. 98-11, § 208, 97 Stat. 42, codified at 16 U.S.C. § 1247(d) (2006) (the "Trails Act"). (Id. at 2–4.) The dispute between the parties concerns the maximum width of the trail King County could have acquired through operation of the Trails Act: a width which both Plaintiffs and Defendant King County agree is determined solely by the state law of Washington. Plaintiffs' Complaint lists two formal causes of action, declaratory judgment and inverse condemnation, and also seeks an "injunction" but does not specify a cause of action which would justify such relief. (Id. at 12–16.) See Kwai Ling Chan v. Chase Home Loans, Inc., No. C12–0273 JLR, 2012 WL 1576164, *7 (W.D. Wash. May 4, 2012).

The same core property owners filed a related quiet title and declaratory judgment case in this Court concerned with the plaintiffs' alleged fee ownership of land stretching to the centerline of the easement. (See Case No. C15-284MJP, Dkt. No. 1.) That complaint was dismissed for lack of standing (with leave to amend) on the basis that the plaintiffs' deeds used the right of way as a boundary and the complaint failed to allege a clear chain of title to an owner with a fee interest in the land underlying the easement. (See Dkt. No. 19 at 3.)

In this case, Plaintiffs now seek a temporary restraining order and injunction "to prevent interference with Plaintiffs' property interests on the grounds that King County's plans for construction beyond the recreational trail easement will cause immediate and irreparable harm to be done to the Sammamish homeowners." (Dkt. No. 8 at 3–4.) Plaintiffs conceded at the hearing that they do not seek an injunction with respect to the homeowners along Segment B of the trail project, where a Shoreline Substantial Development Permit ("SSDP") has not yet been applied

for, but only with respect to the two plaintiffs who own property along Segment A, where a permit application is pending. (See King County Resp., Dkt. No. 20 at 3, Auld Decl., Dkt. No. 22 at 3–4.) They also conceded they do not seek an injunction against the City of Sammamish, which is a permitting authority but is not a proponent or opponent of the trail project. (See City of Sammamish Resp., Dkt. No. 17 at 2.)

## Discussion

As Plaintiffs further conceded at the hearing, the inverse condemnation cause of action is not ripe. See Williamson Cnty. Regulatory Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985). The remaining declaratory judgment action is not based on a federal cause of action, but rather concerns the character of the easement originally acquired by the predecessor in interest to BNSF and later conveyed to King County through operation of the Trails Act.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if its "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Here, federal law does not create any cause of action underlying the declaratory judgment request, so "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

A close inspection of Plaintiffs' Complaint (Dkt. No. 1 at 11–12) and further questions at the hearing have revealed no actually disputed and substantial issues of federal law in the

declaratory judgment cause of action. Plaintiffs and King County agree that the width of the easement is determined by Washington law. This no discernible dispute about how the Trails Act operated or that it could only facilitate the transfer of that which BNSF already possessed. The Court therefore lacks jurisdiction to hear the remaining case.

Plaintiffs' request for a TRO and a preliminary injunction must also be denied because the request is not ripe prior to issuance of the Segment A permit and because there is no basis for an injunction of any kind pursuant to a declaratory judgment action.

**Conclusion**

Because the inverse condemnation action is not ripe, a request for a TRO or preliminary injunction on these facts is not ripe prior to issuance of the Segment A permit, the declaratory judgment action provides no basis for injunctive relief, and the federal court lacks jurisdiction over a declaratory judgment action based solely on disputes over state law, the Court DENIES the Motion for Temporary Restraining Order and Preliminary Injunction and DISMISSES the case without prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 26th day of June, 2015.

Marsha J. Pechman
Chief United States District Judge

ORDER ON PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 4