UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY NEIGHBORS et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KING COUNTY and THE CITY OF SAMMAMISH,<br><br>　　　　　Defendants. | CASE NO. C15-970 MJP<br><br>ORDER ON PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

THIS MATTER comes before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 8.) Having reviewed the Motion, Defendant King County's Response (Dkt. No. 20), Defendant City of Sammamish's Response (Dkt. No. 17), and all related papers, and having heard oral argument on June 26, 2015, the Court hereby DENIES the Motion and DISMISSES the case for lack of jurisdiction but without prejudice.

**Background**

This case is brought by owners of property adjacent to the Lake Sammamish Trial project in which King County is paving and widening a trail currently used as a nature trail. (See

ORDER ON PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 1

1  Compl., Dkt. No. 1 at 2.) The trail was originally a railroad right of way which was acquired by
2  King County from Burlington Northern Santa Fe ("BNSF") pursuant to a process laid out in the
3  National Trails System Act Amendments of 1983, Pub. L. No. 98-11, § 208, 97 Stat. 42, codified
4  at 16 U.S.C. § 1247(d) (2006) (the "Trails Act"). (Id. at 2–4.) The dispute between the parties
5  concerns the maximum width of the trail King County could have acquired through operation of
6  the Trails Act: a width which both Plaintiffs and Defendant King County agree is determined
7  solely by the state law of Washington. Plaintiffs' Complaint lists two formal causes of action,
8  declaratory judgment and inverse condemnation, and also seeks an "injunction" but does not
9  specify a cause of action which would justify such relief. (Id. at 12–16.) See Kwai Ling Chan v.
10 Chase Home Loans, Inc., No. C12–0273 JLR, 2012 WL 1576164, *7 (W.D. Wash. May 4,
11 2012).

12       The same core property owners filed a related quiet title and declaratory judgment case in
13 this Court concerned with the plaintiffs' alleged fee ownership of land stretching to the centerline
14 of the easement. (See Case No. C15-284MJP, Dkt. No. 1.) That complaint was dismissed for
15 lack of standing (with leave to amend) on the basis that the plaintiffs' deeds used the right of way
16 as a boundary and the complaint failed to allege a clear chain of title to an owner with a fee
17 interest in the land underlying the easement. (See Dkt. No. 19 at 3.)

18       In this case, Plaintiffs now seek a temporary restraining order and injunction "to prevent
19 interference with Plaintiffs' property interests on the grounds that King County's plans for
20 construction beyond the recreational trail easement will cause immediate and irreparable harm to
21 be done to the Sammamish homeowners." (Dkt. No. 8 at 3–4.) Plaintiffs conceded at the hearing
22 that they do not seek an injunction with respect to the homeowners along Segment B of the trail
23 project, where a Shoreline Substantial Development Permit ("SSDP") has not yet been applied
24

ORDER ON PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 2

1  for, but only with respect to the two plaintiffs who own property along Segment A, where a

2  permit application is pending. (See King County Resp., Dkt. No. 20 at 3, Auld Decl., Dkt. No. 22

3  at 3–4.) They also conceded they do not seek an injunction against the City of Sammamish,

4  which is a permitting authority but is not a proponent or opponent of the trail project. (See City

5  of Sammamish Resp., Dkt. No. 17 at 2.)

6                                                    **Discussion**

7           As Plaintiffs further conceded at the hearing, the inverse condemnation cause of action is

8  not ripe. See Williamson Cnty. Regulatory Comm'n v. Hamilton Bank of Johnson City, 473 U.S.

9  172, 186 (1985). The remaining declaratory judgment action is not based on a federal cause of

10 action, but rather concerns the character of the easement originally acquired by the predecessor

11 in interest to BNSF and later conveyed to King County through operation of the Trails Act.

12          District courts have "original jurisdiction of all civil actions arising under the

13 Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

14 federal law if its "well-pleaded complaint establishes either that federal law creates the cause of

15 action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

16 question of federal law." Franchise Tax Board v. Constr. Laborers Vacation Trust, 463 U.S. 1,

17 27–28 (1983). Here, federal law does not create any cause of action underlying the declaratory

18 judgment request, so "the question is, does a state-law claim necessarily raise a stated federal

19 issue, actually disputed and substantial, which a federal forum may entertain without disturbing

20 any congressionally approved balance of federal and state judicial responsibilities." Grable &

21 Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

22          A close inspection of Plaintiffs' Complaint (Dkt. No. 1 at 11–12) and further questions at

23 the hearing have revealed no actually disputed and substantial issues of federal law in the

24

ORDER ON PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 3

1  declaratory judgment cause of action. Plaintiffs and King County agree that the width of the
2  easement is determined by Washington law. This no discernible dispute about how the Trails Act
3  operated or that it could only facilitate the transfer of that which BNSF already possessed. The
4  Court therefore lacks jurisdiction to hear the remaining case.

5      Plaintiffs' request for a TRO and a preliminary injunction must also be denied because
6  the request is not ripe prior to issuance of the Segment A permit and because there is no basis for
7  an injunction of any kind pursuant to a declaratory judgment action.

**Conclusion**

9      Because the inverse condemnation action is not ripe, a request for a TRO or preliminary
10 injunction on these facts is not ripe prior to issuance of the Segment A permit, the declaratory
11 judgment action provides no basis for injunctive relief, and the federal court lacks jurisdiction
12 over a declaratory judgment action based solely on disputes over state law, the Court DENIES
13 the Motion for Temporary Restraining Order and Preliminary Injunction and DISMISSES the
14 case without prejudice.

16     The clerk is ordered to provide copies of this order to all counsel.
17     Dated this 26th day of June, 2015.

                                       Marsha J. Pechman
                                       Chief United States District Judge

ORDER ON PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 4